AUGUSTUS HEMMENWAY, CLAIMANT OF THE SHIP INDEPENDENCE, *v.* WILLIAM B. FISHER.

Where a judgment of the Circuit Court, sitting in admiralty, was affirmed here by a divided court, interest was not to be calculated upon the judgment.

The eighteenth rule of this court never applied to cases in admiralty which are brought up by appeal, and the rule itself is repealed by the sixty-second rule.

THIS was an appeal from the Circuit Court of the United States for the district of Massachusetts, sitting in admiralty.

It was argued at the preceding term of this court by *Mr. Loring* for the appellant, and *Mr. Bartlett* and *Mr. Thaxter* for the appellee. The judgment of the Circuit Court was affirmed by a divided court, and a mandate was issued for the amount named in such judgment, but no interest was mentioned, as none was given in the judgment of the Circuit Court. The mandate was not filed in the Circuit Court, and at the present term *Mr. Bartlett* made the following motion, which was argued by *Mr. Gillett:*

And now the appellee moves to amend the judgment rendered in this cause at the December term of this court, in the year of our Lord 1856, by giving to the appellants damages on the decree of the Circuit Court, at the rate of six per centum per annum, and that the judgment be so reformed, and for cause shows—

1st. That the mandate in said cause, though issued, has never been presented to the Circuit Court, and is now returned herewith, and filed with the clerk.

*Hemmenway* v. *Fisher.*

2d. That, upon inquiry of several of the judges, it has been ascertained that the question of damages was not passed upon by the court, and so this motion is not precluded by the past action of this court.

3d. That by the rules of this court, (Nos. 17 and 18,) "Where there are no special circumstances, six per cent. interest is allowed on the judgment of the court below," and the omission to insert the same in the record and mandate is deemed by this court a mere *clerical error*, capable of amendment at a succeeding term of this court, if the mandate has not been presented to the Circuit Court, and shall be restored to the files of this court. (Bank of Kentucky *v.* Withers, 3 Peters, 431.)

4th. The fact that the judgment in this case was affirmed upon a division of opinion among the members of the court cannot make it a case of "special circumstances" within the case above cited, since it is hardly to be presumed that in all cases where there are difficulties in a cause, the party ultimately prevailing is to lose his damages.

Any rule that should make damages in such case on a division of opinion upon the main question among the members of the court, would be open to the suggestion that in principle it ought not to make them depend upon an exact equal division, but apportion them according to the number of dissenting opinions among the members of the court.

S. Bartlett, *for the Appellee.*

The appellant objects to the amendment proposed in the judgment rendered in the above entitled cause, and to the allowance of the interest claimed.

1st. Because no interest or damages were claimed at the hearing in this cause; the proper time to have presented this claim was at the hearing; and it is too late, after a decree has been rendered and a mandate issued, to seek at a subsequent term to raise that question. In the case of the Santa Maria, 10 Wheat., 431, 436, the court say, "In this view, it (the claim of interest) was matter open for discussion upon the original appeal; and no interest having been asked or granted, the claim is finally at rest. What was formerly before the court cannot again be drawn into controversy." A decree in which no damages are allowed is conclusive and final.

In the case Boyce's Ex'r *v.* Grundy, reported 9 Peters, 275, the court say, "It is solely for the decision of the Supreme Court, whether any damages or interest (as a part thereof) are to be allowed in cases of affirmance, (p. 290.) If, upon affirmance, no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages, (p. 290.)

In the present case, the motion assumes and admits that no such allowance was made by the court; this decree, therefore, is equivalent to a denial of damages.

The case referred to in 3d of Peters would seem to have been an error of the clerk in not entering the judgment, with the damages which the court decreed, or intended to decree.

This is a different case; no damages were claimed by the appellant, and none were decreed, or intended to be decreed, by the court. Here was no clerical error, but an omission or waiver of a claim to damages by the appellee; and consequently the court did not decree any.

2d. The appellee cannot rest any claim on the fact that the mandate has not been delivered to the Circuit Court; that is his own wrong.

It was his duty to have delivered it immediately upon its being issued.

And had it been so delivered, the appellant would have paid the amount of the judgment; and has in fact held the money unused from that time to the present, for the purpose, and will do so until the final decree in the Circuit Court.

If therefore the decree is to be changed, and any interest allowed, the appellant claims that he ought not to be charged with interest after the mandate was issued, none having been claimed by the appellee; and the mandate having been retained nearly twelve months in his hands, to the detriment of the appellant. WILLIAM DEHON, *for Appellant.*

## Appellee's Reply.

1st. The ground that appellee must be deemed to have waived the application of *a standing rule of this court* to his case, because he did not specially ask at hearing that it be applied, cannot, it is submitted, be maintained.

2d. The case of the Santa Maria, 10th Wheaton, cited by appellant, has, it is submitted, no application, since it was an attempt to alter the terms of a stipulation made in the admiralty by a claimant, and insert an engagement to pay interest on the sum stipulated. Nor does the case of Boyce *v.* Grundy, 9 Peters, affect this application, since that case proceeds on the ground that the court passed on the question of allowing damages, and purposely entered the decree without making the allowance. This application proceeds on the ground (supposed to be ascertained) that the court did not pass on the question at all, and that under the general rule damages are to be allowed unless purposely denied; and this is the point determined by 3d Peters, 431.

3d. The suggestion, that at all events interest ought to be denied after the mandate issued, ought not to prevail, if there was what the court deem a clerical error, since appellee had no remedy in the vacation of this court, and appellant has in the mean time enjoyed the use of the money.

S. BARTLETT, *for Appellee.*

Mr. Chief Justice TANEY delivered the opinion of the court.

This case was decided at the last term. It was an appeal from the decree of the Circuit Court for the district of Massachusetts, sitting as a court of admiralty. The decree was affirmed here by an equal division of the Justices of this court; and the decree of affirmance was entered by the clerk for the sum awarded by the Circuit Court and costs, and did not give interest on the amount decreed by the court below. The mandate was issued according to the decree; but it was not filed or proceeded on by the appellee, because he supposed that, under the eighteenth rule of this court, he was entitled to interest upon the amount recovered in the Circuit Court, from the date of the decree, and that its omission was a clerical error. And he has now moved the court, to correct it by amending the decree and mandate.

If an error has been committed by the clerk, it is, without doubt, in the power of the court to correct it at the present term.

But the judgment is correctly entered, and the mandate conforms to it. And the mistake on the part of the appellee has arisen from supposing the eighteenth rule to be still in force, and to be applicable to cases in admiralty. But it never applied to admiralty cases.

It will be observed by reference to the seventeenth rule, to which the eighteenth refers, that these rules are in express terms confined to cases brought here by writ of error. And it is true that, by the original judiciary act of 1789, decrees in chancery and admiralty, as well as judgments at common law, in the Circuit Courts, were removable to this court by writ of error, and were not made removable in any other manner. And if that provision in the act of 1789 was still in force, and the rule unrepealed, the appellee would be entitled to the interest he claims, to be calculated under the twentieth rule, to the day of the affirmance of the decree.

But the writ of error, from its form, and the principles which govern it, is peculiarly appropriate to judgments at common law, and is inconvenient and embarrassing when used as process to remove decrees in chancery and admiralty to a su-

perior court. The ordinary and uniform mode of removing such decrees to the appellate and revising court, wherever such jurisdictions have been established, has been by *appeal,* with the single exception of this act of Congress. And, in order to remove the inconvenience and embarrassment which this provision in the act of 1789 created, it was repealed by the act of March 2, 1803, and the ordinary mode of *appeal* substituted in the place of the *writ of error.* And as this case came up by appeal, the rules of this court referred to in the argument do not apply to it.

Nor indeed were they intended to apply to chancery or admiralty decrees. They were adopted at February term, 1853, and that term continued until the 2d of March. It was on that day that the act of Congress changing the provision in the act of 1789 was approved by the President. And it appears by the minutes of the court that the rules in question were adopted on the same day, that is, March 2d. This act of Congress had therefore, undoubtedly, passed both Houses of Congress before these rules were adopted, and it is evident that they were carefully framed with reference to this change in the law, so as to exclude from their operation admiralty and chancery appeals.

It may be proper to add, that the eighteenth and twentieth rules are no longer in force, even in common-law cases. They have been superseded and annulled by the sixty-second rule, adopted in 1851. By this last-mentioned rule, judgments at common law and decrees in chancery, upon affirmance in this court, carry interest until paid; and the interest is to be calculated according to the rate of interest allowed in the State in which the judgment or decree of the court below was given. The object in changing the rule in this respect was to place the suitors in the courts of the United States upon the same footing with the suitors in the State courts in like cases. For the interest allowed in the several States differs, and in many of them it is higher than six per cent., and in most if not all of them a judgment or decree in a court of the State carries interest until it is paid.

Cases in admiralty, however, are not embraced in the sixty-second rule. It applies to cases of law and equity only. And, indeed, cases in admiralty could not have been justly included. For there could be no reason for giving one rate of interest where a case of collision or salvage was in the first instance tried and decided in Louisiana, and another rate of interest where it was tried and decided in New York, or in any other State where the interest allowed by the State laws was different.

Moreover, in cases of collision and salvage, and more especially in the latter, it is impossible to fix the sum that ought to be awarded with absolute certainty by any rule of calculation. It must depend mainly upon estimates, and the opinions of persons acquainted with the subject; and, acting upon mere estimates and opinions, different minds unavoidably come to different conclusions as to the amount proper to be allowed.

And it will sometimes happen in an admiralty case, that this court will think that the damages estimated and allowed in the Circuit Court are too high, and yet the opinion here may approximate so nearly to that of the court below, that this court would not feel justified in reversing its judgment. Besides, new testimony may be taken here, in an admiralty case, and a new aspect given to it. No rule, therefore, fixing any certain rate of interest upon decrees in admiralty, whenever the decree is affirmed, could be adopted with justice to the parties. And a discretionary power is reserved, to add to the damages awarded by the court below, further damages by way of interest, in cases where, in the opinion of this court, the appellee, upon the proofs, is justly entitled to such additional damages. But this allowance of interest is not an incident to the affirmance affixed to it by law or by a rule of court. If given by this court, it must be in the exercise of its discretionary power, and, *pro tanto*, is a new judgment.

In the case before us, no new judgment could be given in this court, because, upon the question of affirming or reversing the decree of the Circuit Court, the Justices of this court were equally divided; and the judgment was affirmed by operation of law, which from necessity affirms the judgment of the inferior tribunal when the judges of the appellate court are equally divided. Upon such an affirmance, the appellee was entitled to the full benefit of the decree of the Circuit Court, but nothing more. The court, being equally divided, could not change the decree of the Circuit Court, nor exercise its discretionary power to allow interest on the decree; for this would have been a new decree. And those Justices who were of opinion that the decree of the Circuit Court ought to be reversed because the damages were too high, were of course opposed to making it still higher by the addition of interest.

The motion to amend the decree and mandate, and give interest on the amount awarded by the Circuit Court, must therefore be overruled.