## Case No. 9,212.

### The MARY EVELINE.

[14 Blatchf. 497.] [1]

Circuit Court, S. D. New York. June 13, 1878.

COLLISION — DAMAGES—FULL VALUE OF VESSEL—INTEREST ALLOWED—RATE PER CENT.

1. Where, in a suit in admiralty, for a loss by a collision, items of damage are allowed as for a total loss, interest is to be allowed at 6 per cent., from the date of the loss, and not at 7 per cent.

2. Where an allowance is made for the full value of a vessel sunk and lost by a collision, as for a total loss, the expense of raising the vessel, to ascertain the extent of the loss, is a proper charge.

[Cited in The Havilah, 1 C. C. A. 519, 50 Fed. 334.]

[See The America, Case No. 285.]

In admiralty.

Richard H. Huntley, for libellants.

Franklin A. Wilcox, for claimants.

HUNT, Circuit Justice. After listening to the arguments of the counsel for the respective parties, I have carefully perused the testimony presented to the commissioner to whom it was referred to ascertain the damages sustained by the libellants by reason of the collision set forth in the libel. As the result of my examination, I overrule absolutely all of the exceptions to the report of the said commissioner, except the tenth exception. The tenth exception is, that "the commissioner reports interest on such erroneous findings at seven per cent., when he should not have reported any interest, or not to exceed six per cent., on the amount of the damage, when properly found." The items allowed by the commissioner amount, in the whole, to $4,454 75, and, with one exception, are as for a total loss. The item forming the exception consists of "cost of raising the vessel, $1,000," which is for money expended. This item is immediately followed by a credit of $550, "cash from sale of the sloop," which, it is proven, was deducted from the $1,000. This makes the exception so trifling that we are justified in looking at the whole allowance of $4,454 75 as one for a total loss. Upon this aggregate the commissioner allowed, as interest, the sum of $1,484 35, being at the rate of seven per cent. from the date of the collision and loss to the date of his report.

In allowing interest at the rate of seven per cent., for the damage sustained, as upon a total loss, I think the commissioner erred. The rate in such cases is established, in admiralty, at six per cent., and the exception under consideration is allowed, unless the libellants shall, within ten days after the entry of the order in pursuance of this opinion, file their stipulation deducting one-seventh of said interest, to wit, the sum of $212 05, from

the decree to be entered in this case. If such stipulation be filed as above provided, the said tenth exception is overruled. This point is decided after a conference with Judge Blatchford. and with his concurrence and approval. See The Aleppo [Case No. 158]; Lincoln v. Claflin, 7 Wall. [74 U. S.] 132, 139; Hemmenway v. Fisher, 20 How. [61 U. S.] 255, 259; Allen v. Mackay [Case No. 228]; Egbert v. Baltimore & O. R. Co. [Id. 4,305].

When the point was started, that there could be no charge for raising a vessel, where the owner was allowed its full value, as upon a total loss, I was somewhat impressed with it. But, both the authorities and the principle of the cases are clear, that, when the vessel is raised for the purpose of ascertaining the extent of the loss, although it turns out that the loss is total, the charge is a proper one. There is, in many cases, no other mode in which it can be determined, whether the loss is total or partial, and a recovery as for a total loss oftentimes could not be had without incurring the preliminary expense of raising the vessel. The value of the raised vessel, in the present case, was credited to the expense of raising her. The America [Case No. 285]; The Falcon, 19 Wall. [86 U. S.] 75; The Clyde, Swab. 23; The Nebraska [Case No. 10,076].

Let an order be entered in accordance with this opinion.

[For prior proceedings, see note to Case No. 9,211.]