## THE GLENOCHIL.

### HARRISON v. HUGHES et al.

(District Court, D. Delaware. March 2, 1904.)

No. 594.

1. ADMIRALTY—DECREE—INTEREST—APPEAL.

Where a final decree of the district court sitting in admiralty in the third judicial circuit divides damages and costs equally between the libelant and the respondents, no allowance of interest being "specially directed" pursuant to paragraph 4 of rule 30 of the circuit court of appeals (90 Fed. clxviii, 31 C. C. A. clxviii), and on appeal such decree is simply "affirmed with costs" by the circuit court of appeals, the district court there-

after is without authority to allow interest on the final decree; and no interest can be recovered thereon unless the circuit court of appeals so modifies or amends its affirmatory decree as to include interest.

(Syllabus by the Court.)

In Admiralty.

See 125 Fed. 860.

John F. Lewis and Francis C. Adler, for libelant.

Robert Penington, for American Surety Co. of New York.

BRADFORD, District Judge.   This is an application by the American Surety Company of New York as stipulator for the respondents, Hughes Brothers & Bangs, to pay into the registry of this court the amount of the final decree rendered by this court, and affirmed by the circuit court of appeals, against the respondents and in favor of the libelant, Albert Harrison, Master of the British Steamship Glenochil, together with a certain further amount representing interest on the final decree; such further amount to be repaid to the surety company should it be determined that the libelant is not entitled to such interest.   The libel was filed February 16, 1898, for the recovery of damages resulting to the steamship from her running on the new breakwater off Lewes, Delaware, and after the evidence had been taken and returned the court held that both sides were in fault, and, consequently, decreed that the libelant recover from the respondents one-half of his damages and costs (110 Fed. 545), and referred the computation of the same to a commissioner.   Upon the coming in of the commissioner's report and after hearing and disposing of exceptions to the same, this court finally decreed, February 7, 1903, that the libelant recover from the respondents and their stipulator, the above named surety company, the sum of $37,383.48, being one-half of the total damages resulting from the accident, together with one-half of the total costs of the case.   The libelant on the same day, and the respondents on February 16, 1903, severally prayed an appeal which was duly allowed and perfected.   Both appeals were heard together by the circuit court of appeals which, September 3, 1903, affirmed the decree of this court in all respects.   125 Fed. 860.   The mandate from the appellate court bears date October 9, 1903, and was filed on the next following day.   Aside from endorsements, it is as follows:

"UNITED STATES OF AMERICA,                              ss:

THE PRESIDENT OF THE UNITED STATES OF AMERICA,

United States Circuit Court of Appeals. Third Circuit.

To the Honorable the Judges of the District Court of the United States for the District of Delaware.

GREETING:

Whereas, lately in the District Court of the United States for the District of Delaware, before you, or some of you, in a cause between Albert Harrison, Master of the British Steamship 'Glenochil,' Appellant and Eugene Hughes, James Hughes, Charles Hughes and Anson M. Bangs, co-partners trading as Hughes Brothers and Bangs, Appellees, wherein the decree of the said District Court entered in said cause is in the following words, viz.:—

'And now, to wit, this seventh day of February, A. D. 1903, the above cause having been heard upon pleadings and proofs, and the argument of the Proc-

tors for the respective parties having been had, and the opinion of the Court having been filed directing that the Master of the Steamship Glenochil, the libelant, recover one-half of the damages and costs, and the Commissioner to assess the damages having filed his report, and the exceptions thereto having been disposed of by the court, it is now ordered, adjudged and decreed by the court that the libelant recover of and from the respondents, Eugene Hughes, James Hughes, Charles Hughes and Anson M. Bangs, co-partners trading as Hughes Brothers and Bangs, and the American Surety Company of New York, their stipulators, the sum of thirty six thousand five hundred and two dollars and sixteen cents, together with one-half of all costs in the case as taxed by the Clerk (the total costs amounting to $1762.75), amounting to the sum of eight hundred and eighty-one dollars and thirty-two cents, making a total of thirty-seven thousand three hundred and eighty-three dollars and forty-eight cents.'

As by the inspection of the transcript of the record of the said District Court, which was brought into the United States Circuit Court of Appeals for the Third Circuit by virtue of an appeal agreeably to the act of Congress, in such case made and provided, fully and at large appears.

And that the Respondents Eugene Hughes, James Hughes, Charles Hughes and Anson M. Bangs, co-partners trading as Hughes Brothers and Bangs, as Appellants, and Albert Harrison, Master of the British Steamship 'Glenochil,' as Appellee, having taken an appeal from the decree entered in said cause.

And Whereas, in the present term of March, in the year of our Lord one thousand nine hundred and three, the said cause came on to be heard before the said United States Circuit Court of Appeals on the said transcript of record, and was argued by counsel:

On consideration whereof, it is now ordered, adjudged and decreed by this court that the decree of the said District Court in this cause be, and the same is hereby affirmed with costs.

Philadelphia, September 3, 1903.

You, therefore, are hereby commanded that such proceedings be had in said cause, as according to right and justice, and the laws of the United States, ought to be had, the said Appeal notwithstanding.

Witness, the Honorable Melville W. Fuller, Chief Justice of the Supreme Court of the United States, at Philadelphia, the Ninth day of October, in the year of our Lord one thousand nine hundred and three.

Wm. H. Merrick,

Clerk of the U. S. Circuit Court of Appeals, Third Circuit."

The proctor for the libelant objects to the granting of the present application on three alleged grounds: First, that the final decree of this court in favor of the libelant should be construed as bearing interest from February 7, 1903, the date of its rendition, until it shall be fully paid; and under no circumstances should the court permit anything less than the unpaid amount of such decree together with interest thereon as above stated to be paid into court. Second, that the relationship of the surety company to this case as stipulator for the respondents is not such as to entitle it, under any circumstances, to pay into court the amount of the decree against them. Third, that the surety company has not asked leave to pay absolutely and unconditionally into court the full amount finally decreed to be due from the respondents to the libelant. First, is it true that the final decree of this court in favor of the libelant, either by its own force or by virtue of the decree of the circuit court of appeals affirming it, bears interest from February 7, 1903? The decree as rendered in this court is wholly silent on the subject of interest on its amount. The record nowhere discloses any claim or demand for the allowance of interest on the decree until paid or for any other period. Nor does interest in

any manner enter into or form part of the decree except in so far as allowed as part of the damages sustained. Nor does it appear that in the circuit court of appeals interest on the decree was either asked or suggested. The circuit court of appeals in affirming the decree does. not expressly or by implication allow interest on the amount of the decree so affirmed. It simply ordered, adjudged and decreed "that the decree of the said district court in this cause be, and the same is hereby affirmed with costs." Under these circumstances, in order to relieve the libelant from the imputation of laches, it must be assumed that there · was a waiver on his part of whatever right to interest on the decree he might otherwise have had. Certainly no assignment of error on either side raised the question of interest on the decree. In fact the word "interest" does not occur in any of the assignments of error.

Assignments 7 and 8 on behalf of the libelant are as follows:

"7. In finding that the damages and costs should be divided, and in not finding that the libelant was entitled to recover full damages and costs.

8. In entering a decree awarding the libelant the sum of thirty seven thousand three hundred and eighty three dollars and forty eight cents, being one half the damages and costs sustained by the libelant, and in not entering a decree awarding the libelant full damages and costs."

Assignment 14 on behalf of the respondents is as follows:

"14th. In entering a decree against the respondents in favor of the libelant for half damages and costs."

There is thus nothing either in the assignments of error or in the presentation of the case to suggest the idea that either of the parties had in contemplation the allowance of interest on any decree which should be rendered; but on the principle of *expressio unius exclusio est alterius,* enough to indicate the contrary.. It may fairly be assumed that if either party had desired an allowance of interest on the decree that some effort would have been disclosed to have its allowance "specially directed by the court." But this case as presented to this court does not require for its proper decision reliance upon either waiver or laches. Rule 30 of the circuit court of appeals of the third circuit is controlling. Before, however, discussing the applicability of that rule it should be observed that the essential equities of the case as determined both by the circuit court of appeals and this court, and as affected by the action of the parties themselves, completely refute the contention on the part of the libelant that any interest should have been or should be allowed to him on the amount of his decree. This court determined, and was sustained in that determination, by the circuit court of appeals, that both parties having been in fault for the accident should equally be burdened with the amount of the pecuniary liability resulting therefrom, and that neither should bear a greater burden than the other.. That such was the intent of both courts is clear from their decrees and is too obvious to be arguable. All the damages in the case having been sustained by the steamship Glenochil, and having, with costs, been equally divided between the parties, cross-appeals were taken. In fact, the libelant was the first to take an appeal from the decree of the district court. Under these circumstances it cannot with any justice or propriety be claimed that the libelant is

entitled to interest by reason of any delay in the enforcement of the decree below, such delay having been initiated by the libelant himself.

Rule 30 of the circuit court of appeals for the third circuit (90 Fed. clxviii, 31 C. C. A. clxviii) is as follows:

"30.

Interest.

1. In cases where a writ of error is prosecuted in this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied, from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the State where such judgment was rendered.

2. In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at a rate not exceeding ten per cent., in addition to interest, shall be awarded upon the amount of the judgment.

3. The same rule shall be applied to decrees for the payment of money in cases in equity, unless otherwise ordered by this court.

4. In cases in admiralty, damages and interest may be allowed, if specially directed by the court."

There is no ground on which it can successfully be claimed that either this court or the appellate tribunal "specially directed" that interest should be allowed either on the decree as rendered by this court or as affirmed by the appellate court so as to bring the case within paragraph 4 of rule 30 relating exclusively to cases in admiralty. Rule 30 of the circuit court of appeals for the ninth circuit is identical in terms with rule 30 of the circuit court of appeals of the third circuit so far as paragraph 4 relating to appeals in admiralty is concerned. In Hagerman v. Moran, 75 Fed. 97, 21 C. C. A. 242, the circuit court of appeals for the ninth circuit held that, when the decree of a circuit court making no provision for interest, is affirmed by a mandate which is also silent on the point, the lower court has no power to allow interest. It appeared in the case that a decree was entered in the court below in favor of several persons for $33,419.57 principal, and $18,239.87 interest, making an aggregate of $51,659.44. There was no provision in the decree of the court below providing for the payment of interest on the moneys due thereon from and after its date. On this point the decree was silent. An appeal having been taken to the circuit court of appeals the decree of the lower court was affirmed with costs to the appellees. After the mandate from the appellate court was entered in the court below the appellees paid the full amount of the decree as originally entered in the sum of $51,659.44, and took from the appellants a "receipt for that amount, in which it was acknowledged that the sum so paid was in full payment of the decree, principal and costs, but did not include interest thereon from its date, and that the question whether said decree or any portion thereof should bear interest was contested between the parties, and reserved for the decision of the circuit court." Judge Gilbert in delivering the opinion of the court, among other things, said:

"The very terms of rule 30 contemplate that the lower court, in the entering of its decree, has been silent both as to the payment of interest and the rate thereof. But we find an insuperable objection to the allowance of interest in this case from the fact that the mandate from this court to the circuit

court on the former appeal contained no provision for its payment. Rule 30 is a rule for the guidance of this court only. It is not a rule of the circuit or district courts. The method by which the successful litigant in a case in this court may acquire the interest which is contemplated by the rule, is only through the mandate of this court directing its allowance in the court below. In entering the decree in the present case upon the mandate from this court affirming the prior decree of the circuit court, the lower court was guided solely by the terms of the mandate, and could go no further than its provisions directed. The mandate simply affirmed the former decree, and ordered payment of the appellees' costs on the appeal. In interpreting the decree and order affirming the same, and determining the rights of the judgment creditor thereunder the court below had before it an original decree making no provision for interest, and a mandate from this court affirming the decree, but likewise silent concerning interest."

In Boyce v. Grundy, 9 Pet. *275, 9 L. Ed. 127, it was held that an affirmance by the Supreme Court of a decree in equity without allowance of interest or damages in such decree was equivalent to a denial of any interest or damages thereon. Mr. Justice Story delivering the opinion of the court, among other things, said:

"Another objection to the decree is, that it decrees the sum of $496.46, intended, as is understood (though not so stated in the decree), as interest upon the original sum decreed in the circuit court, viz., $2,065.28, in 1826, from the time of the rendition thereof to the affirmance in the Supreme Court, in January term, 1830. We are of opinion, that there is error also in this part of the decree. By the judiciary act of 1789, c. 20, § 23 [1 Stat. 85] the supreme court is authorized, in cases of affirmance of any judgment or decree, to award the respondent just damages for his delay. And by the rules of the supreme court, made in February term, 1803, and February term, 1807, in cases where the suit is for mere delay, damages are to be awarded at the rate of ten per cent. per annum on the amount of the judgment, to the time of the affirmance thereof. And in cases where there is a real controversy, the damages are to be at the rate of six per cent. per annum only. And in both cases interest is to be computed as part of the damages. It is, therefore, solely for the decision of the Supreme Court, whether any damages or interest (as a part thereof) are to be allowed, or not, in cases of affirmance. If, upon the affirmance, no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages; and the circuit court, in carrying into effect the decree of affirmance cannot enlarge the amount thereby decreed; but is limited to the mere execution of the decree, in the terms in which it is expressed. A decree of the circuit court, allowing interest in such a case, is, to all intents and purposes, quoad hoc, a new decree, extending the former decree."

In Hemmenway v. Fisher, 20 How. 255, 15 L. Ed. 799, it was held that where a decree of the circuit court sitting in admiralty was affirmed in the Supreme Court by a divided court, interest could not be calculated upon the decree. Mr. Chief Justice Taney in delivering the opinion of the court said:

"The decree was affirmed here by an equal division of the Justices of this court; and the decree of affirmance was entered by the Clerk for the sum awarded by the Circuit Court and costs, and did not give interest on the amount decreed by the court below. The mandate was issued according to the decree; but it was not filed or proceeded on by the appellee, because he supposed that, under the eighteenth rule of this court he was entitled to interest upon the sum recovered in the Circuit Court from the date of the decree, and that its omission was a clerical error. * * * But the judgment is correctly entered, and the mandate conforms to it. And the mistake on the part of the appellee has arisen from supposing the eighteenth rule to be still in force and to be applicable to cases in admiralty. But it never applied to admiralty cases. * * * Cases in admiralty, however, are not embraced in the sixty

second rule. It applies to cases in law and equity only. * * * In the case before us, no new judgment could be given in this court, because, upon the question of affirming or reversing the decree of the circuit court, the Justices of this court were equally divided; and the judgment was affirmed by operation of law, which from necessity affirms the judgment of the inferior tribunal when the judges of the appellate court are equally divided. Upon such affirmance the appellee was entitled to the full benefit of the decree of the circuit court, but nothing more. The court being equally divided could not change the decree of the circuit court nor exercise its discretionary power to allow interest on the decree for this would have been a new decree."

In the case of In re Washington & Georgetown R'd Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339, it appeared that a judgment in an action of tort was recovered in the Supreme Court of the District of Columbia, at special term. This judgment was affirmed by the general term with costs. The latter judgment was affirmed by the Supreme Court of the United States with costs. No reference was made to interest in any of the three judgments. On the presentation of the mandate of the Supreme Court to the general term it entered a judgment for the payment of the judgment of the special term with interest on it at the rate of six per cent. per annum from the time it was originally entered. It was held that the judgment on the mandate should have followed the judgment of the Supreme Court and not have allowed interest. Mr. Justice Blatchford in delivering the opinion of the court said:

"We do not consider the question as to whether interest was allowable by law, or rule, or statute, on the original judgment of the special term, or whether it would have been proper for the special term, in rendering the judgment, or otherwise, to have allowed interest upon it, or whether it would have been proper for the general term to do so; but we render our decision solely upon the point that, as neither the special term nor the general term allowed interest on the judgment, and as this court awarded no interest on its judgment of affirmance, all that the general term could do, after the mandate of this court went down, was to enter a judgment carrying out the mandate according to its terms, and simply affirming the prior judgment of the general term, and directing execution of the judgment of the special term of December 18, 1885, with costs, and without interest, and of the judgment of the general term of June 28, 1886, for costs."

I am entirely satisfied on principle and authority that this court has no power, as the case now stands, to allow interest on the decree for the libelant. How far it would accord with justice or sound practice for the circuit court of appeals to allow such interest is a matter for determination by that tribunal and not by this. I am further satisfied by authority as well as principle that the relationship to this case of the surety company, as stipulator for the respondents, is such as to entitle it to pay into court the amount of the decree against them with costs, and become subrogated to all the rights and remedies of the libelant against the respondents.

The prayers of the surety company for leave to make payment into court and for such other and further relief in the premises as it may be entitled to receive do not require extended discussion. The first and fourth prayers are as follows:

"First: That your petitioner be permitted to pay into the registry of this court the full amount of the decree above mentioned, together with interest thereon at the rate of six per cent. per annum from the date of said decree

to the date hereof, and also all costs incurred in this court since the date of said decree to the date hereof, subject to the further order of this court.

\* \* \* \* \* \* \* \* \* \* \*

"Fourth: That if this court decide and decree that the said libelant is not entitled to interest upon the amount of said decree from the date of said decree to the date of this petition, or that the costs incurred since the date of said decree, are not properly chargeable against your petitioner, then and in that instance, the amount paid by your petitioner as interest and costs be returned to your petitioner after deducting therefrom any costs properly chargeable against your petitioner in the premises."

It will be perceived that the surety company does not pray for leave to make any absolute or unqualified payment into court of interest, to be distributed or disposed of without any judicial determination of the right thereto. The petition expressly avers that the interest and costs demanded by the libelant "is not properly due and payable by your petitioner," and states that it is "ready and willing to pay the amount mentioned in said decree, together with interest thereon at the rate of six per centum per annum, and any costs incurred since the date of said decree, if in the opinion of the court said interest and costs are properly due and payable by your petitioner as stipulator as aforesaid." If there be no right on the part of the libelant to interest I can perceive no propriety in either directing or authorizing it to be paid into court. The main question raised on the present application is whether the libelant, under the final decree of this court, as affirmed by the circuit court of appeals, is entitled to interest. Upon a full hearing and after argument by the proctors of the libelant and the surety company this court is of the opinion, and now decides, that the libelant, as the case now stands, is not entitled to any interest as claimed by him. Under these circumstances, it would be both anomalous and illogical that this court in the face of the conclusion just reached by it should direct interest to be paid into its registry in order to test by another decision the soundness of its present conclusion. But it is manifestly proper that the surety company should have an opportunity to relieve itself from any and all liability to the libelant resulting from the entry of the decree against it. The proctor for the libelant stated in open court during the progress of the hearing that he would not consent to receive or receipt for in total or partial part payment of the libelant's claim any sum of money which should not include the interest in dispute. Under these circumstances and the prayer for further relief, leave will be granted to the surety company forthwith to pay into the registry of this court the sum of $37,383.48, awarded to the libelant by the final decrees in this cause, together with the usual incidental costs accruing after final decree, to abide the further order of the court. The propriety of such an order seems unquestionable in view of the fact that should it be hereafter determined by higher authority that interest should be paid to the libelant in addition to damages and costs, as heretofore decreed, any deficiency may be collected from the respondents or their stipulators.

It is only necessary to add in conclusion that on the payment to the libelant, or into the registry of this court for the libelant by the surety company of the amount herein found due to the libelant, together with

the usual incidental costs accruing after final decree, the surety company, the petitioner will be subrogated to all and singular the remedies against the respondents which the libelant has in the premises, and may pursue the same in accordance with the rules and practice of this court in like cases.