CAMBRIA S. S. CO. v. PITTSBURGH S. S. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. January 6, 1914.)

No. 2386.

COLLISION (§ 130*)—SUITS FOR DAMAGES—INTEREST—RATE.

Where interest is allowed on damages recovered in a suit for collision or other maritime tort which occurred in inland waters within the jurisdiction of a state, the statutory rate of such state should be applied both as to interest on the amount of the recovery before decree and upon the decree.

[Ed. Note.—For other cases, see Collision, Cent. Dig. § 284; Dec. Dig. § 130.*]

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur C. Denison and Clarence W. Sessions, Judges.

---

Suits for collision by Frank M. Osborne and others, owners of the steamer John W. Moore, and the St. Paul Fire & Marine Insurance Company against the steamer Edward Y. Townsend, the Cambria Steamship Company, claimant, and by the Pittsburgh Steamship Company as owner of the steamer Queen City against the Townsend and the Moore, and by Jerrainy McIntyre, administratrix of the estate of Duncan McIntyre, deceased, against all three vessels. · Decree against the Townsend alone (189 Fed. 653), and her claimant appeals. Modified and affirmed.

Brown, Ely & Richards, of Buffalo, N. Y., for Cambria S. S. Co.

H. D. Goulder and F. S. Masten, both of Cleveland, Ohio, for Osborne and others.

F. H. & G. L. Canfield, of Detroit, Mich., for cargo of the Moore.

H. A. Kelley, of Cleveland, Ohio (Hoyt, Dustin, Kelley, McKeehan & Andrews, of Cleveland, Ohio, of counsel), for Pittsburgh S. S. Co.

Frederick L. Leckie, of Cleveland, Ohio, and Roscoe B. Huston, of Detroit, Mich., for Jerrainy McIntyre.

Before WARRINGTON and KNAPPEN, Circuit Judges, and HOLLISTER, District Judge.

WARRINGTON, Circuit Judge. The suit upon which this appeal is based grew out of a collision between the steamer Queen City and the steamer John W. Moore in the Detroit river on October 19, 1907. The final decree was entered July 25, 1912. An interlocutory decree had previously been entered, finding that the damages sustained through such collision, by the colliding steamers, by Jerrainy McIntyre, administratrix of the estate of Duncan McIntyre, deceased, and by the St. Paul Fire & Marine Insurance Company, were occasioned through the sole fault of the steamer Edward Y. Townsend, and making the usual reference to a commissioner to take proofs and ascertain and report the damages. The reasons for the finding and order of reference are stated in the opinion of Judge Denison, who presided at the trial (189 Fed. 653); and his opinion is approved and adopted.

May 17, 1912, upon exceptions to the partial report of the commissioner, the damages awarded to Jerrainy McIntyre, administratrix, were reduced by Judge Angell from $6,000 to $4,000, with interest from that date "if such course shall be deemed not inconsistent with law when the decree is entered," but without fixing the rate of interest. The remaining damages, as ultimately allowed, were fixed by stipulations, with interest from specified dates though no rate was named. In the final decree Judge Sessions fixed the rate at 6 per cent. per annum from such dates "until paid." And Judge Tuttle, sitting in the same court, has since then in another case reached the conclusion that the rate allowable upon the items entering into such a decree should be 5 per cent. The Newaygo (D. C.) 205 Fed. 178. It is contended for appellant that the entire interest allowed should have been at the rate prescribed by statute of Michigan, to wit, 5 per cent. per annum; while it is insisted for appellees that the usual rate allowed in cases arising in admiralty is 6 per cent. per annum. Hence no question is made touch-

ing the right of the trial court either to have allowed or denied interest; and it must be conceded that it possessed a reasonable discretion in this behalf. See decisions cited in Thompson Towing & Wrecking Ass'n v. McGregor, 207 Fed. 209, at page 221, note, 124 C. C. A. 479 (C. C. A. 6th Cir.). Since it was determined actually to allow interest as part of the ascertained damages "until paid," it should· be borne in mind that the question concerns the rate that should have been applied both before and upon the decree.

It is apparent that the question did not arise in Judge Denison's consideration of· the case. And Judge Sessions appears to have fixed the rate at 6 per cent. because Judge Angell had previously allowed that rate in an unreported case; but Judge Angell seems to· have entertained doubt in that case, as also in the present case, touching the allowance of a rate in excess of 5 per cent. Concededly there are admiralty decisions in which the rate of 6 per cent. has been distinctly allowed from the date of loss at least until the date of decree. For example: The Aleppo, Fed. Cas. No. 158, 1 Fed. Cas. 342, 347, decided in 1874 by Judge Blatchford, then District Judge; Dyer v. 'National Steam Nav. Co., Fed. Cas. No. 4,225, 8 Fed. Cas. 207, 210, decided in 1878 by Judge Blatchford when Circuit Judge; The Mary Eveline, Fed. Cas. No. 9,212, 16 Fed. Cas. 981, by Mr. Justice Hunt, sitting as Circuit Justice, decided after conference with Judge Blatchford and with his concurrence on the day following the decision in the Dyer Case; The Oregon (D. C.) 89 Fed. 520, 526. The Dyer Case, supra, with others, was appealed to the Supreme Court and is reported in the name of The Scotland, 105 U. S. 24, 36 (26 L. Ed. 1001), in which Mr. Justice Bradley said: "The rate of interest allowed, 6 per cent. per annum, was the proper rate in such a case." However, in The New York, 175 U. S. 187, 20 Sup. Ct. 67, 44 L. Ed. 126, a District Court decree was involved, which had been reversed in this court (82 Fed. 819, 27 C. C. A. 154), and in which, as appears in the record of the case, Judge Swan had allowed interest on an ascertained amount of damages at the rate of 6 per cent. per annum for a definite period prior to his decree. Upon reversal of the decision of this court, the District Court was directed to enter a decree "in conformity with the opinion of this (the Supreme) court, with interest from July 3, 1896 (the date of the decree allowing 6 per cent. interest as stated), until paid, at the same rate per annum that decrees bear in the courts of the state of Michigan." 175 U. S. at 210. In the decree entered pursuant to this mandate, it appears that interest was allowed for a time anterior to the decree; but the rate was not stated, and we are unable to discover it in the record. That decree was affirmed by this court (108 Fed. 102, 47 C. C. A. 232) and by the Supreme Court (sub nom. The Conemaugh, 189 U. S. 363, 23 Sup. Ct. 504, 47 L. Ed. 854); and the only question of rate of interest expressly passed upon in these latter decisions was, which of two different statutory rates then existing· in Michigan should be allowed on the decree; and the rate of 7 per cent. prescribed as to state judgments and decrees was adjudged to be appli·· cable. It is further to be observed that no interest at all would have been recoverable upon that decree if the court had not expressly allow-

ed it. The Scotland, 118 U. S. 507, 519, 6 Sup. Ct. 1174, 30 L. Ed. 153; Hemmenway v. Fisher, 20 How. 255, 260, 15 L. Ed. 799; Supreme Court Rule 23, Subd. 4, Appendix p. 1, 133 U. S. (32 Sup. Ct. xi); Dewhurst's Supreme Court Rules, p. 122, Rule 23 as it now stands.

Now, in view of the two rates of interest thus approved in the one instance and adopted in the other by the Supreme Court, what is the duty of this court in the instant case? It may be conceded that the exercise of discretionary power was involved in both instances, that is, through the Supreme Court's approval of the discretion exercised by the court below in the first, and through the specific exercise by the Supreme Court of its own discretion in adopting the state rate in the second instance. We are disposed to follow the course adopted in the last instance. The first instance amounts to an approval of the usual 6 per cent. rate where there is no statutory rate that can reasonably be applied; while the second in effect adopts the principle of applying prescribed state rates where the conditions will admit of it. The former illustrates the ordinary conditions attending suits respecting collisions or salvage upon the high seas, and the latter the conditions usually growing out of and involved in suits with respect to similar disasters upon the internal navigable waters. It may be, as respects the latter, a rate lower than that fixed for the decree itself was in practical effect approved with reference to the time for which interest was allowed prior to the decree; but that was due to anomalous statutory conditions then prevailing in Michigan, which (in the absence of stipulation) fixed the rate of interest at 5 per cent. on all obligations other than judgments and decrees, and on the latter the rate of 7 per cent. The New York, supra, 108 Fed. 107, 110, 47 C. C. A. 232 (C. C. A. 6th Cir.), affirmed sub nom. The Conemaugh, supra, 189 U. S. at 368 to 370, 23 Sup. Ct. 504, 47 L. Ed. 854. This anomaly has since been removed by imposing a uniform rate of 5 per cent. on judgments and decrees and (where not otherwise stipulated) on all other obligations. 2 Howell's Mich. Stat. Ann. (2d Ed.) §§ 2869, 2873. It could rarely occur normally that a rule would be suffered to prevail which would prior to the entering of the decree allow one rate of interest upon its component parts, such as liquidated damages and the like, and another rate upon the decree. For that would be to affirm that the same thing should bear one rate before and another after the entry of the decree; and we do not see how anything more than the deprivation of the use of money could be involved, no matter whether it be before or after the date of the decree. It follows that there is now more reason for applying the state rate to the present decree, than there was for adopting it with respect to the decree in the case of The New York; and certainly no decision has come to our notice that would justify both ignoring the present state rate (5 per cent.) as regards the decree, and sanctioning the higher rate (6 per cent.) allowed below as to the time previous to the decree. Steamship Wellesley v. C. A. Hooper & Co., 185 Fed. 733, 740, 108 C. C. A. 71 (C. C. A. 9th Cir.); The Newaygo, supra.

What we have said respecting a uniform rate of interest, both before and upon any given decree, is not affected by counsel's suggestion that it is contrary to the view expressed in Hemmenway v. Fisher, supra, 20 How. at page 259, 15 L. Ed. 799, to the effect that there is no reason for giving different rates of interest according to those fixed in the states where the cases of collision or salvage might in the first instance be tried. The view so expressed had reference to interest upon a decree, and is opposed to the principle adopted in the case of The New York, supra, 175 U. S. at page 210, 20 Sup. Ct. 67, 44 L. Ed. ·126. Further, that view is not in accord with the spirit and apparent purpose of Rule 23 of the Supreme Court, which in substance provides that, unless otherwise ordered, a decree for the payment of money in a case in chancery (a kindred although not identical subject) shall bear interest at the same rate that similar decrees bear in the courts of the state where such decree is rendered. We may observe, too, that our own Rule 26 (202 Fed. xvii, 118 C. C. A. xix) is like this except that our rule expressly includes decrees in admiralty.

We have thus far considered only the rates of interest that have been and should be applied to ascertained damages resulting from torts which are sought to be redressed in suits in admiralty, and to decrees entered upon the amounts so found; but in principle our conclusion finds still further support, we think, in the rule that claims upon contracts entered into and to be performed in a given state with respect to a vessel or anything connected with it, shall bear interest at the rate prescribed by statute in such state. The Mary N. Bourke, 145 Fed. 909, 911, 76 C. C. A. 441 (C. C. A. 2d Cir.). We may add that the rate of interest that should be allowed on the damages as ultimately fixed in favor of Jerrainy McIntyre, administratrix, is ruled by the decision of this court in Thompson Towing & Wrecking Ass'n v. McGregor, supra, 207 Fed. at pages 219, 220, 124 C. C. A. 479; and so must for this additional reason be limited to 5 per cent. per annum.

It results that the rate of interest allowed by the final decree must be so modified as not in respect of any time prior to the date of the decree, or upon the decree itself, exceed the rate of 5 per cent. per annum. Subject to this modification, the decree is affirmed. In view of the large amount of interest involved, the costs of this court will be divided; and the cause is remanded with direction to enter a decree accordingly.