PENNSYLVANIA R. CO. et al. v. NAAM LOOZE VENNOOT SCHAP, S. S. WILLEM VAN DRIEL, SR.*

THE WILLEM VAN DRIEL, SR.

(Circuit Court of Appeals, Fourth Circuit. July 1, 1919.)

No. 1722.

1. ADMIRALTY ⬤⟿117—DE NOVO HEARING ON APPEAL.
   An admiralty case is heard de novo on appeal.

2. ADMIRALTY ⬤⟿119—EFFECT OF DETERMINATION ON APPEAL.
   Where, on appeal from a decree on a libel filed by shipowners against an elevator company, whose elevator exploded, and a railroad company, a decree in favor of the railroad company was reversed on the ground that the elevator company was a mere instrumentality of the railroad com-

pany, *held* that, despite reversal, the decree was not an adjudication that the railroad company was liable for the amount of damages fixed by stipulation between the libelants and the elevator company; the two corporations being separate parties.

**3.** ADMIRALTY ☞88—MOIETY RULE.

Where an elevator exploded and injured vessels, and the elevator company was found liable, as was a railroad company which owned the elevator, etc., *held*, that the moiety rule applicable in tort cases in admiralty should not be applied; the railroad company being primarily liable, because a principal.

**4.** ADMIRALTY ☞118—ALLOWANCE OF INTEREST DISCRETIONARY.

Allowance of interest in damages for torts in admiralty is within the discretion of the trial court, and usually that discretion will not be disturbed on appeal.

**5.** ADMIRALTY ☞41, 88—FORM OF DECREE IN SUIT BY OWNER FOR BENEFIT OF INSURER.

The owner of a vessel may sue and recover in his own name for the benefit of the insurer, and hence, as the insurers have nothing more than an equity of subrogation, and a recovery by the owner would preclude recovery by them, defendants cannot defeat recovery by the owner on the ground that the decree did not apportion the recovery between the owner and the insurers, etc., on whose behalf the libel was filed.

Appeal from the District Court of the United States for the District of Maryland, at Baltimore; John C. Rose, Judge.

Libel by the Naam Looze Vennoot Schap, S. S. Willem Van Driel, Sr., a corporation, against the Pennsylvania Railroad Company and another. From a decree for libelant, defendants appeal. Reversed and remanded.

See, also, 252 Fed. 35, 164 C. C. A. 147.

Shirley Carter, of Baltimore, Md. (Bernard Carter & Sons, of Baltimore, Md., on the brief), for appellants.

John M. Woolsey, of New York City (Ritchie, Janney & Stuart, of Baltimore, Md., and Kirlin, Woolsey & Hickox, of New York City, on the brief), for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. Grain elevator No. 3, with the capacity of about 1,000,000 bushels, was located on a wharf in the Canton district of the port of Baltimore. On June 13, 1916, the ship Welbeck Hall, on its east side, and the ship Willem Van Driel, on its west side, were loading grain. About 2 o'clock in the afternoon, after a large part of the cargo of each ship had been loaded, a great explosion occurred in the elevator, which was immediately followed by a fire. Both ships were seriously injured and a number of persons killed.

On the 22d of January, 1917, a libel was filed on behalf of the ship Willem Van Driel and its owner against the elevator company and the Pennsylvania Railroad Company alleging: (1) Damages from the fire to the ship and cargo in the aggregate sum of $379,142.25, and disbursements for salvage services of tugs. (2) Negligence in the operation of the elevator, which caused the fire. (3) Liability of the elevator company, and also of the Pennsylvania Railroad Company as

the real owner and operator of the elevator, for the damages, and for such sums as the ship was liable for to the owners of tugs for salvage services rendered at the time of the fire.

The District Court, finding that the explosion and fire was the result of negligence in the operation of the elevator, held the elevator company liable, and the railroad company not liable, and accordingly entered a decree adjudging that the elevator company pay as damages $393,000, with interest thereon from May 5, 1917, and upon default for 10 days that execution issue, and dismissing the libel against the railroad company. The amount of damages was fixed in a stipulation signed by counsel on behalf of libelant and the elevator company. There was no stipulation by the railroad company as to the amount of the damages. Although depositions were taken on that subject, they were not filed in the District Court until after its decree was entered, and there was no adjudication of the amount of damages as against the railroad company.

[1, 2] On appeal this court agreed with the District Court that the explosion and fire was due to negligence in operating the elevator, but held the railroad company as well as the elevator company liable, on the ground that the latter corporation was the agency or instrumentality of the former in the operation of the elevator. 242 Fed. 285; 252 Fed. 35, 164 C. C. A. 147. Accordingly the decree of this court was made and its mandate issued, in which, after reciting in full the decree of the District Court, it was adjudged:

"That the decree of the said District Court in this case be and the same is hereby affirmed as to the liability of the Central Elevator Company, and reversed as to the liability of the Pennsylvania Railroad Company."

It is true that the hearing of the appeal in this court was a trial de novo. The Charles Morgan, 115 U. S. 69, 74, 5 Sup. Ct. 1172, 29 L. Ed. 316; Irvine v. The Hesper, 122 U. S. 256, 7 Sup. Ct. 1177, 30 L. Ed. 1175; Reid v. American Express Co., 241 U. S. 544, 36 Sup. Ct. 712, 60 L. Ed. 1156. But the decree and mandate of this court, affirming the decree of the District Court "as to the liability of the Central Elevator Company," clearly meant the adoption of the decree of the District Court and an order for its re-entry as to the fact of the liability of that corporation and its amount. The reversal of the District Court decree as to the liability of the railroad company meant adjudication by this court that the railroad company was also liable for the damages, and that a decree should be entered accordingly.

Thereafter the railroad company filed its petition in the District Court, reciting its unwillingness to accept the stipulation as to damages to which it was not a party, and asking that a master be appointed to ascertain the amount of damages to be assessed against it. Libelant, answering the petition, submitted that the reference should not be ordered for the reasons: (1) The railroad company, in a petition to the Supreme Court for certiorari, had alleged the judgment against it to be final, and could not now allege that the amount of it was unascertained. (2) The Circuit Court of Appeals having held the railroad company liable for the acts of the elevator company, it

must be liable for the same amount of damages. (3) The railroad company would gain nothing by opening the question of damages, because the liability of the elevator company is fixed at $393,000 and interest, and it is practically certain that, after applying its assets to the decree, the balance unpaid would be less than the smallest reduced damages which the railroad company could hope to prove. The District Court refused to appoint a master to ascertain the damages as against the railroad company, and entered a decree against the elevator company and the railroad company for $393,000 and interest from May 5, 1917.

By the decree and mandate of this court the liability of the elevator company for the full sum of $393,000, with interest from May 5, 1917, and the right of the libelant to execution therefor, was finally adjudged, and that adjudication cannot be reviewed in this appeal. The serious question is on the assigned error in entering judgment against the railroad company for the amount stated in the stipulation between the elevator company and the libelant.

The direction that the cause be remanded to the District Court "for further proceeding in accordance with the opinion of this court" required the District Court to ascertain the amount of the liability of the railroad company. Since the railroad company was not a party to the stipulation, we think it follows that it was not bound by it, and had the right to have the amount of the damages to be entered in the decree against it judicially ascertained. The holding by this court that the railroad company was in fact using the elevator company as its agency or instrumentality in the operation of the elevator did not connote that the two corporations were not separate as parties to the cause, with the right of each to make its separate defense, either in conjunction with the other or in opposition to the other.

[3] Both corporations contend that, in entering its final decree under the mandate of this court, the District Court should have applied the moiety rule, decreeing that each corporation should pay one-half of the recovery, and that, if the libelant should be unable to collect from either, it should recover the deficiency from the other. The rule of equal division of loss has been adopted in collisions, and also in other torts in admiralty, when the reason for it applies; that is, when the damages have been due to the mutual fault of independent wrongdoers or instrumentalities. The Atlas, 93 U. S. 302, 23 L. Ed. 863; The Alabama and the Gamecock, 92 U. S. 695, 23 L. Ed. 763; The Eugene F. Moran, 212 U. S. 466, 29 Sup. Ct. 339, 53 L. Ed. 600. In Great Lakes T. Co. v. Masaba S. S. Co., 237 Fed. 577, 150 C. C. A. 459, the rule was applied to a tug and a bridge company, where, owing to the fault of both, the vessel in tow was injured by striking the draw.

The reason of the moiety rule has no application to suits against principal and agent for torts to third persons founded on the actual negligence of the agent alone, imputed to the principal under the rule of respondeat superior. In such cases both principal and agent are liable to the person injured, but as between themselves the liability of the agent is primary, and he is liable to his principal for any amount which the principal justly pays as compensation for the tort. Story

on Agency (9th Ed.) p. 259, § 217c; Gaffner v. Johnson, 39 Wash. 437, 81 Pac. 859; Georgia S. & F. Ry. Co. v. Jossey, 105 Ga. 271, 31 S. E. 179; Betcher v. McChesney, 255 Pa. 394, 100 Atl. 124; 18 R. C. L. 502, § 13, and cases cited. No case has been cited, and we find none, where an admiralty court has departed from this established rule based upon the clearest principle of justice.

[4] The allowance of interest on damages for torts in admiralty is within the discretion of the trial court, and usually that discretion will not be disturbed on appeal. The Maggie J. Smith, 123 U. S. 349-356, 8 Sup. Ct. 159, 31 L. Ed. 175; The Scotland, 118 U. S. 507, 6 Sup. Ct. 1174, 30 L. Ed. 153. The reasons why interest is not allowed as a matter of right are set out in Hemmenway v. Fisher, 61 U. S. (20 How.) 255, 15 L. Ed. 799. As to the elevator company the interest has been finally adjudicated to begin May 5, 1917. There is no ground of complaint by either appellant of allowance of interest from that date, although the District Judge did not indicate his reason for fixing it. The injury occurred June 13, 1916, and demurrage charges ended September 26, 1916. Either the libelant or the underwriters have been deprived of the use of money due as damages from that date.

[5] The libel was filed by Naam Looze Vennoot Schap, S. S. Willem Van Driel, Sr., a corporation, in behalf of itself and the underwriters, the kingdom of the Netherlands as owner of the cargo, and others. The point is made in this appeal for the first time that the decree is erroneous, "in not apportioning by its final decree, dated February 8, 1919, the total amount stated in said decree among the libelant and those persons on whose behalf the libel herein was filed, as their interest might have been made to appear, especially as respects the underwriters of the ship and cargo, to whose rights the owners herein were subrogated." The owner may sue and recover in his own name for the benefit of the insurer. Newell v. Norton, 3 Wall. 257, 18 L. Ed. 271; Fretz v. Bull, 12 How. 466, 13 L. Ed. 1068. The authority of the owner to sue in its own name for the benefit of the insurers should appear.

As no point of this kind was made in the first appeal, it must be presumed that the respondents and the court were satisfied with the evidence of authorization on the trial. Besides, the insurers have nothing more than an equity of subrogation. In The Propeller Monticello v. Mollison, 58 U. S. (17 How.) 152–154 (15 L. Ed. 68), the court says:

"The respondent is not presumed to know, or bound to inquire, as to the relative equities of parties claiming the damages. He is bound to make satisfaction for the injury he has done. When he has once made it to the injured party, he cannot be made liable to another suit, at the instance of any merely equitable claimant. If notified of such a claim before payment, he may compel the claimants to interplead; otherwise, in making reparation for a wrong done, he need look no further than to the party injured. If others claim a right to stand in his place, they must intervene in proper time, or lose their recourse to the respondent."

The anomalous condition that the amount of damages was stipulated for by the elevator company and that they are unascertained as

against the railroad company makes necessary the entry of separate decrees to enforce justly libelant's demand. The cause is therefore remanded to the District Court, with the following instructions:

1. Enter a separate decree in favor of the libelant against the Central Elevator Company for $393,000, with interest from May 5, 1917, and the costs of this appeal, and one-half of all the costs heretofore accrued, with leave to the respondent to enforce payment by execution, and provide in the decree that all payments made on the decree against the Pennsylvania Railroad Company hereinafter provided for shall operate as a credit on the decree against the Central Elevator Company until it is fully paid.

2. Take testimony and adjudge thereon as against the railroad company the amount of the damages suffered by the libelant from the explosion and fire of June 13, 1916, mentioned in the libel.

3. Enter a separate decree in favor of libelant against the Pennsylvania Railroad Company for the sum so ascertained, with interest from May 5, 1917, and one-half of all costs accrued before this appeal, with leave to the libelant to enforce payment by execution, and provide in the decree that all payments made on the decree against the Central Elevator Company hereinbefore provided for shall operate as a credit on the decree against the Pennsylvania Railroad Company until it is fully paid.

Reversed and remanded.