### THE OLD RELIABLE.

RELIABLE TOWING CO. et al. v. LITTLE KANAWHA LOG & TIE CO.

(Circuit Court of Appeals, Fourth Circuit. October 7, 1919.)

No. 1724.

1. TOWAGE ⬡⟫11(11)—TUG RESPONSIBLE FOR INSECURE MOORING OF TOW.

A tug owner, contracting to tow loaded barges up Ohio river, and compelled by state of water to temporarily tie them up at an intermediate port, *held* responsible for their being properly secured, and liable for loss due to their breaking away on a rise in the river, owing to insufficiency of the lines.

2. TOWAGE ⬡⟫11(11)—TUG NOT LIABLE FOR LOSS OF BARGE LEFT IN POSSESSION OF OWNER.

A tug, contracting orally to tow three barges on Ohio river, with no time limit, which took two, leaving the other for a second trip, *held* not

⬡⟫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

liable for loss of the third barge, which remained in possession of the owner, by breaking from its moorings during a rise of the river.

3. TOWAGE ☞15(3)—TUG HELD LIABLE FOR SALVAGE SERVICE TO, BUT NOT FOR VALUE OF, BARGE.

Where a barge broke adrift through negligence of a towing tug, but was salvaged by the owner without serious damage, the tug was properly charged with expense of salvage, but could not be required to pay for the barge.

4. TOWAGE ☞15(3)—MEASURE OF DAMAGES FOR LOSS OF TOW STATED.

In admiralty, the measure of recovery for goods lost is the price at place of purchase, together with freight, insurance, and other charges of transportation.

5. TOWAGE ☞15(3)—ALLOWANCE OF INTEREST IN CASE OF INJURY TO TOW DISCRETIONARY.

Refusal of the court to allow interest on recovery from a towing tug for loss of property *held* within its discretion.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Parkersburg; Alston G. Dayton, Judge.

Suit by the Little Kanawha Log & Tie Company against the steamboat Old Reliable (the Reliable Towing Company, claimant) and the Fidelity & Deposit Company of Maryland. Decree for libelant, and respondents appeal. Modified.

See, also, 256 Fed. 112.

Lowrie C. Barton, of Pittsburgh, Pa. (George W. Johnston, of Parkersburg, W. Va., on the brief), for appellants.

Reese Blizzard, of Parkersburg, W. Va., for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. In this libel for breach of a towing contract the decree of the District Court was in favor of the libelant. In October, 1917, Reliable Towing Company made an oral contract with the Little Kanawha Log & Tie Company for its tug, Old Reliable, to tow three barges loaded with cross-ties from Parkersburg, W. Va., to McKeesport, Pa. As no time limit was specified, the contract implied performance within a reasonable time, considering the distance, the speed of the vessel, the stage of the water, and other circumstances. The Old Reliable, not having power to tow the three barges at once, took the barges No. 68 and No. 131 in tow, leaving the third, No. 111, for another trip. Owing to the stage of the water the dams above were down, so that the barges could not at the time be towed above Sistersville. They were tied up there to await more favorable conditions. Temporary stop and delay at Sistersville were expected by the owner of the barges, for it sent a man there to ask that the tug be sent back for the third barge. Under the conditions stated there was no breach of contract or negligence in stopping the barges at Sistersville.

The barges were tied abreast at Sistersville with insufficient lines, and consequently a sudden and great rise in the river broke them away. One of them, 131, was caught by libelant, and salvaged with little

damage; the other, 68, struck a pier of the Parkersburg bridge and was lost, with nearly all of its cargo. Both parties allege negligence in failing to securely tie the barges at Sistersville, and each imputes the duty and the negligence to the other.

[1] The owner of the barges and cargo had under the contract no responsibility for them after they were taken in tow by the Old Reliable. The facts that it lent lines to be used in making fast the barges, either at Sistersville or McKeesport, and that Frazier, one of its subordinate employés, assisted in tying them at Sistersville, do not prove that it assumed responsibility for the security of the barges. It did not represent the lines to be sufficient, and its assisting employé was not in charge of the work for it, nor authorized to waive any of its rights. It is not pretended that there was any consideration for the alleged assumption of responsibility. The correspondence immediately after the loss shows conclusively that the Towing Company attached no blame to the libelant. The evidence seems to us conclusive that the obligation was on the master of the Old Reliable to make the barges fast, that he did not use due care, and that the loss resulted from his negligence in this respect.

[2] The third barge, No. 111, which never left the possession of the libelant, was carried away by the force of the ice movement in the river and became a total loss. The breach of the contract to tow was not the proximate cause of the loss, and therefore the Old Reliable cannot be held for the loss and the salvage. St. L., I. M. & S. Ry. Co. v. Commercial Union Ins. Co., 139 U. S. 223, 237, 11 Sup. Ct. 554, 35 L. Ed. 154.

[3] There was error in the allowance of the damages. Barge No. 131 was salvaged at a cost of $50, properly chargeable to respondent, but it was not materially damaged. There was no conversion of the barge by respondent, nor do we find evidence of abandonment by libelant to the respondent; its value, $400, should not have been charged to respondent.

[4] The value of the ties at place of destination was charged to respondent, 93 cents for No. 1, and 83 cents for No. 2. The profit, which we understand to mean the difference between the original cost, together with freight and insurance, other costs of transportation, and the selling price, was to be 15 cents on each tie. In admiralty the measure of recovery for goods lost is the price at the place of purchase, together with freight, insurance, and other charges of transportation without profit. The profit, 15 cents each, should be deducted, and the ties charged at 78 cents for No. 1 and 68 cents for No. 2.

[5] The District Judge, in the exercise of his discretion, refused to allow interest, and we see no sufficient ground to say that his discretion was abused. The Maggie J. Smith, 123 U. S. 349, 356, 8 Sup. Ct. 159, 31 L. Ed. 175; Pennsylvania R. R. Co. v. Naam Looze Vennoot Schap, 261 Fed. 269, —— C. C. A. ——, Fourth Circuit, filed July 1, 1919.

The following corrected statement will show the amount for which the decree will be entered:

2,335 No. 1 ties @ 78 c. each..................................... $1,821.30
290 No. 2 ties @ 68 c. each....................................... 197.20

                                              $2,018.50

Less 249 ties salvaged, of the value of 78 c. each.......... $194.22
Cost of salvage, 25 c. each............................... 62.25
                                               131.97

                                              $1,886.53
Value of barge 68............................................. 400.00

                                              $2,286.53
Salvage of barge No. 131............................... $ 50.00
Cost of unloading ties from same........................ 312.48
Cost reloading ........................................ 191.14
                                              553.62

                                              $2,840.15
2,250 ft. lines........................................ $ 50.00
Cash advanced for coal................................ 81.00
                                              131.00

    Total due libelant from Old Reliable....................... $2,971.15

Modified.

---

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 251 U. S. ——, 40 Sup. Ct. 346, 64 L. Ed. ——.