## *In re* WASHINGTON AND GEORGETOWN RAIL-ROAD COMPANY.

### ORIGINAL.

No. 8. Original. Argued April 13, 14, 1891. — Decided April 27, 1891.

A judgment in an action of tort, for damages and costs, was rendered in the Supreme Court of the District of Columbia, at special term. It was affirmed by the general term, with costs. The latter judgment was

affirmed by this court, with costs. Nothing was said about interest in either of the three judgments. On the presentation of the mandate of this court to the general term, it entered a judgment for the payment of the judgment of the special term, with interest on it at the rate of six per cent per annum from the time it was originally rendered. *Held*, that the judgment on the mandate should have followed the judgment of this court and not have allowed interest.

As the amount of the interest was not large enough to warrant a writ of error, the proper remedy was by mandamus, there being no other adequate remedy, and there being no discretion to be exercised by the inferior court.

This court does not decide whether a judgment founded on tort bears or ought to bear interest, in the Supreme Court of the District of Columbia, from the date of its rendition.

The fact that the judgment of this court merely affirmed the judgment of the general term with costs, and said nothing about interest, is to be taken as a declaration of this court that, upon the record as presented to it, no interest was to be allowed.

A mandamus was issued to the general term, commanding it to vacate its judgment so far as concerned the interest, and to enter a judgment on the mandate, affirming its prior judgment, with costs, without more.

THE case is stated in the opinion.

*Mr. Enoch Totten* and *Mr. Walter D. Davidge* for the petitioner.

*Mr. C. C. Cole* and *Mr. William A. Cook* opposing. *Mr. W. L. Cole* was on their brief.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 16th of January, 1884, Lewis H. McDade brought an action at law in the Supreme Court of the District of Columbia against the Washington and Georgetown Railroad Company, to recover damages for personal injuries alleged to have been inflicted upon him in consequence of the negligence of the employés of the company, and of the unfit character and condition of the machinery used in the shops of the company where McDade was employed at the time he sustained the injuries. The cause was put at issue, and a trial was had before a jury, which resulted in a verdict for the plaintiff, on the 18th of December, 1885, for $6195. Upon that verdict a judg-

ment was entered on the same day, in special term, that the plaintiff recover against the defendant $6195 for his damages, and that he also recover his costs of suit, and have execution thereof. The defendant filed a motion for a new trial on a bill of exceptions, and the case was heard by the general term of the court, which, on the 28th of June, 1886, affirmed the judgment with costs. 5 Mackey, 144. Nothing was said in either of the judgments about interest. The defendant brought the case to this court by a writ of error, and, on the 19th of May, 1890, it affirmed the judgment of the general term. *Washington &c. Railroad Co.* v. *McDade*, 135 U. S. 554. The judgment of this court, in terms, was, that the judgment of the general term, of June 28, 1886, " be and it is hereby affirmed, with costs to be taxed by the clerk, and that the plaintiff have execution thereof." Nothing was said about interest.

The mandate of this court, issued May 27, 1890, recited the judgment of the general term and contained the judgment of this court, and then commanded the Supreme Court of the District " that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding." Afterwards, the mandate was presented to the Supreme Court of the District in general term, and a motion was made to it, on behalf of McDade, to enter up a judgment against the railroad company for interest on the judgment of the special term at the rate of six per cent per annum thereon from the 18th of December, 1885. On the 9th of June, 1890, the court decided the motion in favor of McDade, and on that day entered up a judgment, against the railroad company for the payment of the judgment, with interest on it according to the terms of the motion. The mandate was filed on the same day, and the terms of the order made thereon by the general term were, that McDade have execution of his judgment against the railroad company rendered by the special term, to wit, the sum of $6195, " with interest thereon from the date thereof until paid," and the costs of the plaintiff in the suit in the Supreme Court of the District, to be taxed by the clerk.

The railroad company, at the time of the making of that order, objected and excepted to the judgment in open courh It thereupon, on the 23d of June, 1890, filed in the officeuot the clerk of this court a petition setting forth the foregoing facts and praying for a writ of mandamus to the Supreme Court of the District, commanding it to vacate the judgment of June 8, 1890, so far as it related to interest on the judgment of December 18, 1885, and to enter a judgment on the mandate of this court in accordance with its terms, that is to say, a judgment affirming the judgment of the general term of June 28, 1886, with costs, without more.

On that petition, on application of the railroad company, this court made an order, at its present term, requiring the Supreme Court of the District to show cause why the writ of mandamus prayed for should not issue. A return to this order has been filed, in which the latter court states, that by the mandate it was commanded that such execution and proceedings be had in the cause as, according to right and justice and the laws of the United States, ought to be had, and that the order of June 9, 1890, was passed in the cause because the court sitting in general term believed said order was in accordance with right and justice and the laws of the United States; and it annexes, as its reasons for passing the order, the opinion of the general term, composed of Justices Hagner, Cox and James, 18 Washington Law Reporter, 719, delivered June 9, 1890, by Mr. Justice Hagner.

We are of opinion that the writ of mandamus prayed for must be granted, irrespectively of the question largely discussed at the bar and considered in the opinion of the general term, as to whether a judgment founded on tort bears or ought to bear interest, in the Supreme Court of the District, from the date of its rendition.

Upon the hearing on the writ of error, which resulted in the judgment and mandate of this court, the question of the allowance of interest on the judgment from its date until it should be paid was a question for the consideration of this court. The fact that the judgment of this court merely affirmed the judgment of the general term with costs, and said nothing

about interest, is to be taken as a declaration of this court that, upon the record as presented to it, no interest was to be allowed. It was thereupon the duty of the general term to enter a judgment strictly in accordance with the judgment of this court, and not to add to it the allowance of interest.

The judgment of the general term of June 28, 1886, made no allowance of interest, nor did the judgment of the special term of December 18, 1885. Those were the judgments which were affirmed by this court, and it affirmed them as not providing for any interest; and this court did not itself award any interest. The command of the mandate of this court, " that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said writ of error notwithstanding," did not authorize the general term of the Supreme Court of the District to depart in any respect from the judgment of this court. Under these circumstances, the general term had no authority to make its order of June 9, 1890, in regard to interest on the judgment.

The amount of such interest calculated at the rate of six per cent per annum from December 18, 1885, to June 9, 1890, was not quite $1700. The amount involved was, therefore, too small to be the subject of a writ of error from this court. The only relief which the railroad company could obtain in the premises was, therefore, by a writ of mandamus. A mandamus will lie to correct such an error, where there is no other adequate remedy, and where there is no discretion to be exercised by the inferior court. *Sibbald* v. *United States*, 12 Pet. 488; *Ex parte Bradley*, 7 Wall. 364, 376; *Virginia* v. *Rives*, 100 U. S. 313, 329.

In *Perkins* v. *Fourniquet*, 14 How. 328, 330, the Circuit Court had failed to carry out the mandate of this court, and the matter was brought to this court by an appeal. A motion having been made to dismiss the appeal on the ground that it would not lie, this court said : " This objection to the form of proceeding involves nothing more than a question of practice. The mandate from this court left nothing to the judgment and discretion of the Circuit Court, but directed it to carry

into execution the decree of this court, which was recited in the mandate. And if the decree of this court has been misunderstood or misconstrued, by the court below, to the injury of either party, we see no valid objection to an appeal to this court, in order to have the error corrected. The question is merely as to the form of proceeding which this court should adopt, to enforce the execution of its own mandate in the court below. The subject might, without doubt, be brought before us upon motion, and a mandamus issued to compel its execution. But an appeal from the decision of the court below is equally convenient and suitable."

The principle has been well established, in numerous cases, that, on a mandate from this court, containing a specific direction to the inferior court to enter a specific judgment, the latter court has no authority to do anything but to execute the mandate. *Ex parte Dubuque & Pacific Railroad*, 1 Wall. 69; *Durant* v. *Essex Company*, 101 U. S. 555, 556.

The case of *Boyce's Executors* v. *Grundy*, 9 Pet. 275, is very much in point. In that case, this court had entered a decree simply affirming the decree below with costs, and had sent down a mandate commanding the inferior court, in the terms of the mandate in the present case, "that such execution and proceedings be had in said cause as, according to right and justice and the laws of the United States, ought to be had, the said appeal notwithstanding." On receiving the mandate, the court below varied its former decree, and, among other things, awarded an additional amount of money intended to be interest upon the original sum decreed, from the time of the rendition of the decree in the court below to the time of the affirmance in this court. This court, on appeal, after referring to the statute which authorized it, in case of affirmance, to award to the respondent just damages for his delay, and to the rules of this court, made in 1803 and 1807, prescribing an award of damages in cases where the suit in this court is for mere delay, said : " It is, therefore, solely for the decision of the Supreme Court whether any damages or interest (as a part thereof) are to be allowed or not in cases of affirmance. If upon the affirmance no allowance of interest or damages is made, it is

equivalent to a denial of any interest or damages; and the Circuit Court, in carrying into effect the decree of affirmance, cannot enlarge the amount thereby decreed, but is limited to the mere execution of the decree in the terms in which it is expressed. A decree of the Circuit Court allowing interest in such a case is, to all intents and purposes, *quoad hoc*, a new decree, extending the former decree;" citing *Himely* v. *Rose*, 5 Cranch, 313, and *The Santa Maria*, 10 Wheat. 431, 442. See, also, *Bank of United States* v. *Moss*, 6 How. 31.

We do not consider the question as to whether interest was allowable by law, or rule, or statute, on the original judgment of the special term, or whether it would have been proper for the special term, in rendering the judgment, or otherwise, to have allowed interest upon it, or whether it would have been proper for the general term to do so; but we render our decision solely upon the point that, as neither the special term nor the general term allowed interest on the judgment, and as this court awarded no interest in its judgment of affirmance, all that the general term could do, after the mandate of this court went down, was to enter a judgment carrying out the mandate according to its terms, and simply affirming the prior judgment of the general term, and directing execution of the judgment of the special term of December 18, 1885, with costs, and without interest, and of the judgment of the general term of June 28, 1886, for costs.

*A writ of mandamus is granted, commanding the general term to vacate its judgment of June 9, 1890, in favor of McDade against the railroad company, so far as the same relates to interest upon the judgment of the special term of December 18, 1885, and to enter a judgment on the mandate of this court of May 27, 1890, in accordance with its terms, that is to say, a judgment affirming the judgment of the general term of June 28, 1886, with costs, without more.*

MR. JUSTICE BREWER did not sit in this case, or take any part in its decision.