GREEN *et al. v.* CHICAGO, S. & C. R. Co. *et al.*

(*Circuit Court of Appeals, Sixth Circuit.* January 13, 1892.)

1. APPEAL—AFFIRMANCE—MANDATE—ALLOWANCE OF INTEREST.
    When a judgment for money which does not award interest is affirmed without reference to the question of interest, such a decree is to be taken by the lower court as a declaration that no interest is to be allowed.
2. SAME—SUPREME COURT RULE.
    Rule 23, Sup. Ct. U. S., providing for the allowance of interest on affirmed judgments, is for the guidance of the supreme court only, and does not authorize an inferior court to add an award of interest to a decree affirming its own judgment; the function of the inferior court in such cases is ministerial, rather than judicial.

In Equity.

*Norris & Norris,* for appellant.

*T. J. O'Brien,* for appellees.

Before JACKSON, Circuit Judge, and SAGE and SWAN, District Judges.

JACKSON, Circuit Judge. In the matter of the appeal of Henry Day from the order of the circuit court of the United States for the western district of Michigan, southern division, upon the petition of Daniel E. Sickles and Benjamin F. Stevens in the above-entitled cause. Under foreclosure proceedings in the above-entitled cause, a fund was brought into court for distribution among holders of the bonds of the defendant railroad company. In the distribution of said fund, Henry Day, assignee of Benjamin Richardson, by mistake was paid and received more than he was properly entitled to by the sum of $2,173.91. By decree entered in the cause on October 8, 1883, said mistake was corrected, and said Day was ordered to refund said overpayment, which was adjudged to belong to several claimants in certain proportions and amounts. From his order, and the decree of distribution relating to other matters not necessary to be noticed, Day appealed to the supreme court. This appeal was taken in November, 1883, and Day filed an approved *supersedeas* bond, as required in the allowance thereof. On January 13, 1890,

the supreme court affirmed the decree of the circuit court, (10 Sup. Ct. Rep. 280,) and ordered that said Henry Day, within 15 days after service upon him or his solicitor of a copy of the decree, should pay into court the sum of $2,173.91 as having been overpaid to him, and the cause was remanded to the circuit court, under the usual mandate that "you therefore are hereby commanded that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had, the said appeal notwithstanding." Said mandate, affirming the decree and directing the circuit court to proceed with its execution, was filed in said court in July, 1890. Thereafter, on March 12, 1891, said Day paid over to the clerk of said circuit court the amount so decreed against him, ($2,173.91,) but declined and refused to pay interest on the same. Thereupon Benjamin F. Stevens and Daniel E. Sickles, two of the several claimants interested in the principal of the amount so refunded by Day, on April 15, 1891, presented their petition in the cause, reciting the foregoing history of the proceedings, and praying that said Day might be required to pay into court the interest on said sum of $2,173.91, for distribution, in pursuance of the terms of the decree. To this petition Day appeared by his solicitors, and interposed an *ore tenus* demurrer or objection to the same and to relief sought.

The question presented by the petition was heard by the district judge, (Hon. H. F. SEVERENS,) holding the circuit court, who held that said Day was liable for and should pay interest on said sum of $2,173.91, so adjudged against him, from the 28th day of November, 1883, up to March 12, 1891, when the principal was paid according to the rates of interest authorized by the statutes of Michigan during that period. The amount of such interest was $1,048.19, and this sum said Day was ordered to pay into court within 10 days from the date of the order. From this decree of the court, adjudging him liable for $1,048.19 as interest, and ordering him to pay the same into court, said Day has appealed to this court. He assigns various grounds of error, only one of which, in the view we take of the case and questions involved, need be noticed, and that is that the court below erred in holding him liable for and in requiring him to pay interest on the said sum of $2,173.91, which he was directed to refund by the decree of October 8, 1883, from the date of perfecting his appeal to the supreme court. It will be observed that neither the decree of October 8, 1883, nor the judgment of the supreme court affirming the same, and remanding the cause for the execution thereof, orders or directs the payment of interest on the amount said Day was required to refund. Had the circuit court, after the cause was returned to it under the mandate of the supreme court, any authority, power, or jurisdiction to entertain the petition of Stevens and Sickles, and to direct or adjudge that Day should pay interest on said sum of $2,173.91, which he was ordered to repay by the decree of October 8, 1883? We think not, under the authority of *In re Washington & G. R. Co.*, 140 U. S. 91–96, 11 Sup. Ct. Rep. 673, which is conclusive on this question.

It is suggested that such interest was authorized by the twenty-third rule of the supreme court, (3 Sup. Ct. Rep. XIII.,) which provides that—

"In cases where a writ of error is prosecuted to this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state where such judgment is rendered. * * * The same rule shall be applied to decrees for the payment of money in cases in equity, unless otherwise ordered by this court."

There is nothing in this rule to warrant or sustain the action of the circuit court in the case under consideration. The rule has reference alone to the action of the supreme court on the subject of interest upon the affirmance of judgments and decrees of inferior courts. It was intended to prescribe the general rule and regulation of its own practice in the matter of interest. It is not to be enforced by inferior courts to which mandates of the supreme court are sent, to execute and carry into effect judgments or decrees on which that court has not awarded or directed the allowance or payment of interest. Whether interest shall be allowed on the affirmance of a judgment or decree of the lower court from the date of its rendition is a question for the consideration solely of the supreme court, especially where interest is not awarded as a part of such judgment or decree by the inferior court. Where the judgment or decree of an inferior court does not expressly award or carry interest, and the supreme court merely affirms such judgment or decree, and says nothing on that subject, "it is to be taken as a declaration of this court that, on the record as presented to it, no interest was to be allowed." 140 U. S. 94, 95, 11 Sup. Ct. Rep. 673, 674. In such cases it is the duty of the inferior court to which the mandate of the supreme court is directed to enter judgment or decree strictly in accordance with the judgment, or decree of the supreme court and "not to add to it the allowance of interest." In *Boyce* v. *Grundy,* 9 Pet. 275, cited with approval in the case of *In re Washington & G. R. Co.,* 140 U. S. 96, 97, 11 Sup. Ct. Rep. 674, it is said: "The decree of the circuit court allowing interest in such a case is to all intents and purposes *quoad hoc* a new decree, extending the former decree." This, under a mandate from the supreme court in cases like the present, the inferior court has no authority to do. Its duty and function are ministerial, rather than judicial, in such cases, inasmuch as it is executing the judgment or decree of a higher court, instead of its own judgment or decree. In *Kimberly* v. *Arms,* 40 Fed. Rep. 551, the authorities on this subject are cited. They establish that under a mandate from the supreme court the inferior court cannot vary in any way the decree of the former, or give other or further relief, but is limited to the execution of the mandate. Our conclusion therefore is that the decree of the circuit court ordering the appellant, Henry Day, to pay the sum of $1,048.19, as interest on the amount he was decreed to refund, and which he has repaid into court, was erroneous, and should be reversed, and it is accordingly so ordered and adjudged, with costs.

The case will be remanded to the circuit court, with directions to dis-
m.ss the petition of Daniel E. Sickles and Benjamin F. Stevens, on which
the decree against Henry Day was made.