## HAGERMAN et al. v. MORAN et al.

(Circuit Court of Appeals, Ninth Circuit. June 19, 1896.)

### No. 270.

1. INTEREST—JUDGMENTS AND DECREES—RULE 30 OF CIRCUIT COURT OF APPEALS.

The purpose of rule 30 of the circuit court of appeals (11 C. C. A. cxii., 47 Fed. xiii.) is to give to suitors, whose decrees for the payment of money are affirmed, interest thereon from the date of their entry until paid, if by the state law interest might have been allowed in the state courts in a similar case, and at the rate provided by the state law, but it was not the intention to adopt state rules of practice in reference to the necessity of an express provision in the judgment or decree appealed from for the allowance of such interest. Accordingly, *held*, that interest might be allowed on a decree rendered by a federal court sitting in Nevada from its rendition until payment, although no express provision was contained in the decree for the payment of such interest, and the practice of the Nevada courts required such an express provision to permit its collection.

2. SAME.

The allowance, however, of such interest is within the power of the circuit court of appeals alone, and when a decree making no provision for interest is affirmed by a mandate which is also silent on the point, the lower court has no power to allow interest.

Appeal from the Circuit Court of the United States for the District of Nevada.

W. E. F. Deal and Edmund Tauszky, for appellants.

Robert M. Clark, for appellees.

Before McKENNA, GILBERT, and ROSS, Circuit Judges.

GILBERT, Circuit Judge. On the 6th day of September, 1892, a decree was entered in the court below in favor of J. C. Hagerman, administrator of the estate of Jerry Schooling, deceased, and John Wright, administrator of the estate of James Webster, deceased, and A. A. Watkins, against the appellees, Charles Moran and others, for separate sums of money amounting in the aggregate to $33,419.57, principal, together with interest thereon in the sum of $18,239.87; making the total of principal and interest $51,659.44. There was no provision expressed in the decree as entered providing for payment of interest on said sums from and after the date of the decree. Upon that subject the decree was silent. On the 3d day of November, 1892, Charles Moran and others, the appellees herein, took an appeal from said decree to the supreme court of the United States, and gave a supersedeas bond for stay of execution thereon, and on the same day took an appeal from said decree to this court, and gave a bond for costs on the appeal. The appeal to the supreme court was dismissed on the 22d day of January, 1894, for want of jurisdiction. 14 Sup. Ct. 354. The appeal to this court was heard upon its merits, and on the 23d day of October, 1894, the decree of the lower court was affirmed, with costs to the appellees. Moran v. Hagerman, 12 C. C. A. 239, 64 Fed. 499. After the mandate from this court was entered in the court below, Charles Moran et al., the appellees herein, on March 23, 1895, paid the full amount of the principal and interest of the decree as originally entered in the sum of $51,659.44, and took from the appellants a receipt for that amount, in which it was acknowledged that the sum so paid was in full payment of the decree, principal and costs, but did not include interest thereon from its date, and that the question whether said decree or any portion thereof should bear interest was contested between the parties, and reserved for the decision of the circuit court. On May 24, 1895, for the purpose of testing that question, the clerk issued and delivered to the marshal executions for the interest due on the principal sums on behalf of the parties interested therein, aggregating $5,952.02. The appellees thereupon moved the court to quash the executions upon the ground that they did not follow the decree, and that such interest was not recoverable thereon. After a hearing upon said motion, the court below made an order quashing the writs, and from that order the appellants appeal to this court, presenting the sole question whether or not they are entitled to interest upon the decree so entered in their favor on the 6th day of September, 1892.

Section 966 of the Revised Statutes provides as follows:

"Sec. 966. Interest shall be allowed on all judgments in civil causes recovered in a circuit or district court, and may be levied by the marshal under

process of execution issued thereon in all cases where, by the law of the state in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such state; and it shall be calculated from the date of the judgment at such rate as is allowed by law on judgments recovered in the courts of such state."

The law of Nevada, as expressed in section 4 of the territorial act in relation to interest, provides that where there is no expressed contract in writing fixing a different rate, interest shall be allowed at 10 per cent. per annum on judgments for certain classes of liability, among which is specified judgments "for money received to the use of another." The supreme court of Nevada, in a series of decisions, has interpreted that provision of the law of the state to mean that no execution shall issue for interest upon a judgment, unless the judgment so provides in express terms. The rule is thus expressed:

"It must be regarded, therefore, as the settled doctrine of this court that no execution can issue for interest upon a judgment which fails to specify upon what portion thereof and at what rate interest is collectible." Solen v. Railroad Co., 15 Nev. 313.

It is urged that this construction, being the settled law of Nevada, controls the decision of the question now before the court under the provisions of section 966 of the Revised Statutes above quoted. As we construe that section, it provides for the payment of interest upon judgments at law in the circuit and district courts, and does not refer to decrees in equity. This is not only apparent from the language of the clause, which distinctly specifies judgments and refers to the execution thereon and its levy by the marshal, but the supreme court, in Perkins v. Fourniquet, 14 How. 328, has said that the act of 1842, which was subsequently embodied in section 966, does not embrace cases in equity, but is confined in plain terms to judgments at law in the circuit and district courts. In the course of the opinion the court said of that statute:

"It places the judgments of these courts in respect to interest upon the same footing with the judgments of the state courts. And where, by the law of the state, the judgment of a court carries a certain interest until paid, the former rule and the same rate of interest is to be allowed in the circuit and district courts of the United States, and the marshal is directed to levy it on process of execution, wherever it can be so levied on a judgment in the state court. In such cases the judgment bears interest by force of the law, although upon the face of it it may not purport to carry interest."

The supreme court, however, by the sixty-second rule, adopted in 1851, made provision that both judgments at common law and decrees in chancery upon affirmance in that court carry interest until paid, the interest to be calculated according to the rate of interest allowed in the state in which the judgment or decree of the court below was given. In Hemmenway v. Fisher, 20 How. 255-259, the court, referring to rule 62, said:

"The object in changing the rule in this respect was to place the suitors in the courts of the United States upon the same footing with the suitors in the state courts in like cases; for the interest allowed in the several states differs, and in many of them it is higher than six per cent., and in most, if not all of them, a judgment or decree in a court of the state carries interest until it is paid."

· · The thirtieth rule of this court provides as follows:

"(1) In cases where a writ of error is prosecuted in this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state or territory where such judgment was rendered.

"(2) In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at a rate not exceeding ten per cent., in addition to interest, shall be awarded upon the amount of the judgment.

"(3) The same rule shall be applied to decrees for the payment of money in cases in equity, unless otherwise ordered by this court.

"(4) In cases in admiralty, damages and interest may be allowed if specially directed by the court."

11 C. C. A. cxii., 47 Fed. xiii.

It is upon the construction of this rule that the present question must be decided. Does a rule providing that decrees in the inferior court shall bear interest "at the same rate that similar decrees bear interest in the courts of the state or territory where such judgment was rendered" require us to follow the law of Nevada, and to hold that no interest was payable upon the decree in this case, for the reason that the entry was silent concerning the payment of interest or its rate from and after the date of the entry? If interest upon a decree for the payment of money is to be denied the appellants in this case, it must be upon grounds satisfactory to the court. Courts of equity recognize the fact that interest is recoverable upon moneys due and unpaid, not only because of the fact that he to whom such money is due is deprived of the use of his own, but because of the inequity of permitting the debtor to retain and enjoy the use of money which is justly another's. The statute of Nevada has provided that interest is payable upon a judgment such as that which was rendered in the circuit court in this case. The courts of that state have, it is true, decided that no such interest is recoverable unless the judgment entry or decree in terms so specifies and provides; but that is a ruling referring solely to the practice of the courts of that state. In other states it is held, and the general rule undoubtedly is, that where, by the law of a state, interest is payable upon a judgment, it is not necessary that the judgment entry in express terms so provide. Was it the intention of rule 30 of this court, in providing for the payment of interest, to adopt the rule of practice of the state courts in regard to the method by which 'a judgment creditor might obtain his interest, or was it the intention only to confer upon the judgment creditor in this court the same right to interest that is given a judgment creditor by the law of the state in the territorial jurisdiction of which the judgment was rendered? The courts of the United States in matters of practice in chancery proceedings are not governed by the practice of the state courts. In adopting rule 30 it was clearly not the intention to adopt the rule of practice of any state court within the circuit. Its purpose was to give to suitors whose decrees for the payment of money were on appeal to this court affirmed interest upon the decrees so affirmed from the date of their entry in the lower court until paid, if, by the law of the

state, interest might have been acquired in the state court in a similar case. Under the laws of Nevada a decree shall bear interest at the rate of 10 per cent. per annum in cases for "money received to the use of another." The present case is one of that nature. The money for the payment of which the decree provides was money had by the appellees, which ex æquo et bono belonged to the appellants. Similar decrees, therefore, bear interest under the law of Nevada, and the right to interest in such a case is made absolute by the Nevada statute. Its allowance or disallowance does not rest in the discretion of the court. But the courts of that state have ruled that, if the entry be silent upon the question of interest, no interest can be collected. If the judgment entry in the state court fails to provide for the payment of interest, it is so because a judgment creditor has assented thereto. He may, if he choose, waive his demand for interest. He may waive it by consenting to an entry that is silent upon the subject. There can be no doubt that if the appellants in this case had brought their suit in a state court of Nevada, and had obtained their decree therein, they could, by pursuing the remedy afforded them by the law and practice of that state, have secured the interest which the law of Nevada provides shall be paid upon claims of this nature. In bringing their suit in the federal court, we hold that it was not necessary that they should have pursued the practice of the state court in order to obtain the substantial rights which are conferred under rule 30. The very terms of rule 30 contemplate that the lower court, in the entry of its decree, has been silent both as to the payment of interest and the rate thereof.

But we find an insuperable objection to the allowance of interest in this case from the fact that the mandate from this court to the circuit court on the former appeal contained no provision for its payment. Rule 30 is a rule for the guidance of this court only. It is not a rule of the circuit or district courts. The method by which the successful litigant in a case in this court may acquire the interest which is contemplated by the rule is only through the mandate of this court directing its allowance in the court below. In entering the decree in the present case upon the mandate from this court affirming the prior decree of the circuit court, the lower court was guided solely by the terms of the mandate, and could go no further than its provisions directed. The mandate simply affirmed the former decree, and ordered the payment of the appellees' costs on the appeal. In interpreting the decree and the order affirming the same, and determining the rights of the judgment creditor thereunder, the court below had before it an original decree making no provision for interest, and a mandate from this court affirming the decree, but likewise silent concerning interest. There was no rule of the circuit court providing for interest. Under the circumstances, the court could not do otherwise than quash the writ of execution. The order quashing the writ is therefore affirmed, with costs to the appellees.