CONSOLIDATED RUBBER TIRE CO. et al. v. DIAMOND RUBBER CO. OF NEW YORK.

(District Court, S. D. New York. April 17, 1916.)

INTEREST &copy;&rarr;22(3)—JUDGMENT—DECREE ENTERED ON MANDATE.

Under rule 30 of the Circuit Court of Appeals (150 Fed. xxxv; 79 C. C. A. xxxv), judgments and decrees entered upon mandates from that court do not bear interest, unless so directed in the mandate.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 45; Dec. Dig. &copy;&rarr;22(3).]

In Equity. Suit by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the Diamond Rubber Company of New York. On motion by defendant to quash execution. Motion sustained.

Motion to quash execution. A decree for $209,954.97 was entered in this court on August 2, 1915. See 226 Fed. 455. An appeal was taken from that decree to the Circuit Court of Appeals, which affirmed the same and remitted its mandate to this court. 232 Fed. 475, —— C. C. A. ——. On March 29, 1916, judgment was entered on that mandate, affirming the judgment, and for costs. Thereupon the defendant paid to the plaintiff the sum of $209,954.97 on April 4, 1916, upon the original judgment and the second judgment, which was for costs; the money being received without prejudice to the receipt of interest upon the decree. On April 6, 1916, an execution was taken out by the plaintiff for the full amount of the judgment, on which execution the plaintiff's solicitor indorsed the payment of $209,954.97, and directed the marshal to levy and collect $8,179.58, that being the amount of the accrued interest upon the decree from August 2, 1915, together with interest upon the unpaid interest from April 4, 1916. It is this execution which the plaintiff moves to quash.

Charles Neave, of New York City, for the motion.
Charles W. Stapleton, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). The question here involves the interest upon the decree which has been affirmed by the Circuit Court of Appeals. The decision of that court said nothing about awarding interest, and the mandate following the decision, on which this court acted, consequently did not award interest. The defendant alleges, therefore, that the judgment of this court did not carry interest, and that the defendant is not entitled to any execution,

as the face of the judgment has been paid. This question involves the construction of rule 30 of the Circuit Court of Appeals (150 Fed. xxxv, 79 C. C. A. xxxv), which is as follows:

"1. In cases where a writ of error is prosecuted in this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied, from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state or territory where such judgment was rendered. * * *

"3. The same rule shall be applied to decrees for the payment of money in cases of equity, unless otherwise ordered by this court."

I confess that, independently of authority, I should have thought that under this rule every mandate from the Circuit Court of Appeals ought to be interpreted as awarding interest unless the contrary was stated. Indeed, I find much difficulty in seeing what other interpretation can possibly be placed upon the words of subdivision 3, "unless otherwise ordered by this court." However, the Court of Appeals of the Sixth Circuit, in Green v. Chicago S. & C. R. R. Co., 49 Fed. 907, 1 C. C. A. 478, interpreted the twenty-third rule of the Supreme Court (32 Sup. Ct. ix), which is to the letter like the rule in question, as not of itself awarding interest, unless the mandate of the Supreme Court expressly mentioned interest, and the Circuit Court of Appeals for the Ninth Circuit, in Hagerman v. Moran, 75 Fed. 97, 21 C. C. A. 242, adopted a similar construction of rule 30 itself. Moreover, in the case of In re Washington & Georgetown R. R. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339, the Supreme Court held that, unless its own mandate expressly awarded interest, no interest could be granted by the court below. It is true that rule 23 is not mentioned in that opinion, which turns upon the verbal and literal conclusiveness of the Supreme Court's mandate upon the lower court; but at the time of the decision (April 27, 1891) rule 23 had been long in existence (108 U. S. 586), and either the court supposed the rule did not operate ex proprio vigori, or they overlooked the rule altogether. I must assume the former.

While, therefore, the result is no more than to require the Circuit Court of Appeals to add the two words, "with interest," to all affirmances, that seems to be the result of the authorities, and in accordance with that result I must grant the motion. Execution quashed, and judgment declared satisfied.