### UNITED STATES ex rel. TONGUE & YELLOWSTONE RIVER IRR. DIST. et al. v. UNITED STATES DIST. COURT FOR DIST. OF MONTANA et al.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1921.)

No. 3583.

1. **Appeal and error** ⬲1207(4)—**Allowance of interest after affirmance of decree not specifying interest violates mandate.**

Where a decree of the District Court, requiring delivery of irrigation district bonds to a contractor in conformity with a contract which did not specify interest on payments due the contractor, authorized the district to detach a sufficient number of interest coupons to reimburse the district for work yet to be done, without allowing interest on the amount of such coupons, was affirmed on appeal without specific provision for interest, a decree by the District Court, after the mandate was received, which allowed the detachment of coupons in the stated sum, less the interest on the bonds pending the appeal, violated the mandate.

2. **Mandamus** ⬲58—**Appropriate remedy where mandate of appellate court is disregarded.**

Mandamus is an appropriate remedy in a case where the mandate of an appellate court is disregarded.

Original petition for mandamus by the United States of America, on relation of the Tongue & Yellowstone River Irrigation District and others, against the United States District Court for the District of Montana and Hon. George M. Bourquin. Writ of mandamus granted.

The relators filed a petition in this court for a writ of mandamus to the Judge of the District Court of Montana, with directions to correct the entry of a judgment made upon the mandate of this court, so as to comply with said mandate as sent down in the case of Tongue & Yellowstone River Irr. Dist. v. Jordan, 263 Fed. 261. The case which we there heard on appeal was a suit brought in 1918 for the rescission of a contract entered into November 4, 1914, by which Jordan, the plaintiff, agreed to sell to the irrigation district a certain dam, dam site, canal, irrigation system, and right of way, together with water rights, for the sum of $195,000, payable in cash, or, at the option of the district, in its bonds in that amount. The contract was to be performed on or before February 25, 1915. On the hearing of the cause in the District Court, the plaintiff waived his right to rescind, and consented to specific performance. It was accordingly decreed that the contract whereby the plaintiff sold to the district the irrigation plant and water right for the sum of $195,000, "to be paid in the 30-year coupon bonds of said irrigation dis-

---

trict, with annual interest at 6 per cent. per annum, be specifically performed by the parties, but in the modified terms hereinafter set forth." It was further decreed that the plaintiff be released from making further alterations or repairs upon the plant, and that in lieu thereof the district retain out of the amount owing on the purchase price the sum of $25,000; that in payment for the plant the district should deliver its bonds aggregating $195,000, with the original coupons providing for interest thereon at 6 per cent. per annum attached, but that before delivery the district might detach therefrom or indorse the coupons attached to said bonds as follows: "(a) Indorse said coupons so as to show that no interest accrued on said bonds to June 30, 1915, the date of their approval by the District Court. (b) Said irrigation district may detach from said bonds a sufficient number of the first maturing coupons thereon to equal the sum of $25,000, the sum allowed for the completion of the repairs and improvements upon said plant as above approved. (c) Said irrigation district may detach from said coupons next maturing on said bonds the sum of $14,626.71, being, the net sum received by plaintiff from the landowners of said district for the use of said irrigation plant since June 30, 1915. * * * If the exact amounts of the credit herein specified cannot be made up in coupons to be so detached, the next lesser amount in such coupons shall be taken, and a proper indorsement of payment as of that date made on a sufficient number of the next maturing coupons to make up said entire credits. The remaining past-due coupons, if any, upon said bonds, shall be an immediate obligation of said district to plaintiff."

On appeal to this court the decree was affirmed, this court saying: "We are of the opinion that the court below was right in providing by its decree for the detaching from the bonds required to be delivered in payment for the property a sufficient number of the coupons thereof first maturing to equal the sum of $25,000, for the completion of the repairs and improvement of the plant referred to, and to cover the net sum so received by the seller of the property for the use of the water by the landowners subsequent to June 30, 1915." The petition for mandamus alleges that on June 2, 1920, after the mandate of this court was filed in the court below, the relators deposited with the clerk of that court 195 bonds of the district, of the face value of $1,000 each, with certain coupons attached, of the value of $60 each, and served upon the attorneys for Jordan notice of their compliance with the decree, and thereafter moved the court to approve their action as a compliance with the decree, but that on July 28, 1920, the court ordered that the relators be permitted to detach from the bonds deposited by them only such number of interest coupons as with interest added from the maturity of said coupons would equal the amounts awarded to the relators by said decree, and that thereafter, upon their motion for a rehearing, the court declined to modify the order so made. The relators prayed that a writ of mandamus issue to the Judge of said District Court directing that the order of July 28, 1920, be modified in so far as the same requires that the relators detach only such number of the interest coupons attached to the $195,000 worth of the bonds of said district as, with interest added from the dates of the maturity of said coupons, would equal the amounts awarded to the relators by said decree, to wit, $25,000, and $14,626.71, and to order said District Court to permit relators to comply with said decree by detaching from said bonds a sufficient number of said coupons to equal at their face value the said amounts.

An order to show cause why said petition should not be granted was issued to the Judge of the District Court, and he made return thereon, setting forth that the question whether or not the coupons representing the annual interest on said bonds should bear interest after their respective maturities was not before that court at the trial of said action, nor before this court on the appeal, and that said question came before the respondent as an original one, and as an original question was decided by him, in the order made on July 28, 1920.

C. A. Spaulding, of Helena, Mont., Loud & Leavitt, of Miles City, Mont., and John B. Clayberg, of San Francisco, Cal., for petitioners.

O'Brien, Young, Stone & Horn and Edward T. Young, all of St. Paul, Minn., for respondents.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is the contention of the relators that the District Court by its order of July 28, 1920, did change, amend, and modify the decretal parts of the final decree which was affirmed by this court. Referring to the original contract between the parties, we find that it provided that, if the purchase price be paid in bonds, "the bonds are to be received by the party of the first part at par value and accrued interest at the time of delivery." The contract also provided that the irrigation district might retain a sufficient number of the bonds necessary to complete the work contracted to be done on the plant by Jordan. The original decree determined that $25,000 would be sufficient to complete the work, and directed that $25,000 should be retained by the district in lieu of performance of the work by Jordan, and should be deducted from the purchase price. The decree directed that the irrigation district might detach from said bonds a sufficient number of the first maturing coupons thereon to equal the sum of $25,000. It did not direct that the coupons so to be detached should be a sufficient number thereof which, with interest added thereto, should equal the sum of $25,000. If such had been the intention, it is but reasonable to assume that it would have been expressed in the decree. The same may be said of the provision that the district might detach from the coupons next maturing on said bonds the sum of $14,626.71.

In entering a decree on the mandate of this court the District Court was of the opinion that, inasmuch as the plaintiff was entitled to payment at the time when payment became due, the district was obligated to make the complainant whole by paying interest upon the coupons at the conceded rate of 6 per cent. per annum from maturity to the time of the decree. In so ruling the District Court applied principles of equity to the adjustment of the rights of the parties, but in doing so, we think, acted without authority. There was no provision in the original decree that the plaintiff should receive interest on the amounts due him. In Boyce v. Grundy, 9 Pet. 275, 9 L. Ed. 127, it was held, in view of Judiciary Act 1789, § 23, 1 Stat. 85 (later embodied in section 1010, Rev. Stats. [Comp. St. § 1671]), which authorized the Supreme Court in cases of affirmance of any judgment or decree, to award the respondent just damages for his delay, that an affirmance by the Supreme Court of a decree in equity without the allowance of interest or damages, was equivalent to a denial of any interest or damages thereon. Referring to the allowance of interest by the Circuit Court on receipt of the mandate from the Supreme Court, the latter court said:

"A decree of the Circuit Court, allowing interest in such a case, is, to all intents and purposes, quoad hoc, a new decree, extending the former decree."

In Re Washington & Georgetown Rd. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339, the court said:

"We do not consider the question as to whether interest was allowable by law, or rule, or statute, on the original judgment of the special term, or whether it would have been proper for the special term, in rendering the judgment, or otherwise, to have allowed interest upon it, or whether it would have been proper for the general term to do so; but we render our decision solely upon the point that, as neither the special term nor the general term allowed interest on the judgment, and as this court awarded no interest in its judgment of affirmance, all that the general term could do, after the mandate of this court went down, was to enter a judgment carrying out the mandate according to its terms, and simply affirming the prior judgment of the general term, and directing execution of the judgment of the special term of December 18, 1885, with costs, and without interest."

In Green v. Chicago S. & C. R. Co., 49 Fed. 907, 1 C. C. A. 478, the Court of Appeals for the Sixth Circuit, following the decisions above cited, held that when a judgment for money which does not award interest is affirmed without the question of the interest being raised, such a decree is to be taken by the lower court as a declaration that no interest is to be allowed. This court made a similar ruling in Hagerman v. Moran, 75 Fed. 97, 21 C. C. A. 242, and to the same effect are The Glenochil (D. C.) 128 Fed. 963, and Consolidated Rubber Tire Co. v. Diamond Rubber Co. (D. C.) 232 Fed. 508.

Counsel for the respondent rely upon In re City Bank, Petitioner, 153 U. S. 246, 14 Sup. Ct. 804, 38 L. Ed. 705, a case in which it was alleged that the Circuit Court, on a mandate from the Supreme Court in the case of City Bank v. Hunter, 129 U. S. 557, 9 Sup. Ct. 346, 32 L. Ed. 752, had entered a decree in disobedience to the mandate. But that case is plainly distinguishable from this. It was not a case of the affirmance of a judgment of the Circuit Court. It was a case in which a cause was remanded by the Supreme Court, with instructions to proceed in conformity with its opinion, and to ascertain and determine the proportions of a fund to be distributed among the parties to the suit. In pursuance of the mandate the Circuit Court entered a decree that one of the parties to the litigation recover a specified amount with interest thereon from the date of the decree. In the opinion on mandamus (In re City Bank, Petitioner, 153 U. S. 251, 14 Sup. Ct. 805, 38 L. Ed. 705) it was said:

"We are of opinion that whether or not the proceeds of the cattle were received and retained by the bank under such circumstances as to render it liable to Hunter & Co. for interest on their pro rata share was a matter which was necessarily so far left at large by our former decree that we cannot hold that the mandate was disregarded by the decree rendered thereunder by the Circuit Court."

In the present case nothing was "left at large." The language of this court's mandate was—

"On consideration whereof, it is now hereby ordered, adjudged, and decreed by this court that the decree of said District Court in this cause be and hereby is affirmed, with costs in favor of the appellee and against the appellant."

The mandate left the District Court with ministerial authority only to execute the decree of this court.

[2] The jurisdicion of this court to issue the writ is not questioned, and the respondent admits that mandamus is an appropriate remedy in

a case where the mandate of an appellate court is disregarded. Perkins v. Fourniquet, 14 How. 328, 14 L. Ed. 441; City Bank of Fort Worth v. Hunter, 152 U. S. 512, 14 Sup. Ct. 675, 38 L. Ed. 534; In re Sanford Fork & Tool Co., 160 U. S. 247, 16 Sup. Ct. 291, 40 L. Ed. 414; In re Potts, 166 U. S. 263, 17 Sup. Ct. 520, 41 L. Ed. 994; 26 Cyc. 176; Byington v. Hamilton, 37 Kan. 758, 16 Pac. 54.

A writ of mandamus is granted, directing the District Court for the District of Montana to vacate and annul its order of July 28, 1920, so far as the same requires that the relators detach only such number of the interest coupons attached to the $195,000 worth of the bonds of the irrigation district as, with interest added from the dates of the maturity of said coupons, will equal the amounts awarded to the relators by said decree, to wit, $25,000 and $14,626.71, and directing said District Court to enter a judgment upon the mandate of this court in said cause in accordance with its terms, affirming the original decree of said District Court, with costs.