### DE WITT v. UNITED STATES.

(District Court, D. Colorado. July 28, 1923.)

· No. 7170.

Appeal and error ⬤⟲1205—District Court cannot allow interest where mandate of Circuit Court of Appeals did not provide for it.

Where mandate of Circuit Court of Appeals affirmed a judgment for plaintiff but did not provide for interest, District Court has no power to allow interest, under Circuit Court of Appeals rule 30, which applies only to that court.

At Law. Action by Herbert M. De Witt against the United States. On demurrer to the complaint. Demurrer sustained.

James J. McFeely, of Denver, Colo., for plaintiff.

Granby Hillyer, U. S. Atty., and John A. McCann, Asst. U. S. Atty., both of Denver, Colo.

KENNEDY, District Judge. This action is brought for the recovery of interest alleged to have accrued upon a judgment recovered by the plaintiff against Mark A. Skinner, collector of internal revenue, on January 30, 1917. The facts for the purposes of the matter now before the court have been stated by counsel for the defendant in their brief as follows:

"On August 23, 1913, the plaintiff commenced an action against Mark A. Skinner, collector of internal revenue for the District of Colorado, to recover $12,678, interest thereon from August 19. 1913, and costs, being the loss of plaintiff by reason of payment to the United States under protest of a tax on alleged adulterated butter. A trial was had and judgment rendered for the plaintiff on January 30, 1917, against Mark A. Skinner, collector of internal revenue, in the sum of $16.171.49, which was the principal sum paid by the plaintiff, with interest thereon at 8 per cent. per annum to the date of judgment, January 30, 1917. Costs were assessed at $501.05, in favor of the plaintiff.

"The United States attorney appealed and, on December 30, 1918, the Circuit Court of Appeals issued its mandate, affirming the judgment. This mandate contains the following command:

"'On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court, in this cause, be, and the same is, hereby affirmed with costs; and that Herbert M. De Witt have and recover against Mark A. Skinner, collector of internal revenue, etc., the sum of twenty dollars for his costs herein and have execution therefor. * * *

"'You, therefore, are hereby commanded that such execution and proceedings be had in said cause, as according to right and justice, ought to be had, the said writ of error notwithstanding.'

"On January 6, 1919, this court issued a certificate of probable cause and, on July 22, 1919, the treasurer of the United States issued a warrant to plaintiff for $16,592.54, which represents the amount of the original judgment and costs. The plaintiff accepted the above amount under protest and demanded interest on January 30, 1917, judgment from that date to the date of issue of the warrant, July 22, 1919. This request was refused. and the plaintiff brings action for that interest at 8 per cent. per annum ($3,205.-46) and interest on that amount from July 22, 1919, until paid."

The complaint is met on behalf of defendant by a demurrer which challenges the court's jurisdiction of the subject of the action, as well as the sufficiency of the facts contained in the complaint to constitute a cause of action. A hearing upon the demurrer was had and briefs submitted. A number of points in respect to the demurrer have been presented by the District Attorney, and among them is the one that, because of the fact that the appellate court did not provide for interest in its mandate, such interest is not recoverable. Counsel for plaintiff earnestly maintains that rule 30 of the Circuit Court of Appeals specifically provides that interest in such cases shall be calculated and levied by the trial court whether, included in the mandate or not. The pertinent portion of rule 30 of the Court of Appeals of the Eighth Circuit, reads as follows:

"1. In cases where a writ of error is prosecuted in this court, and the judgment of the inferior court is affirmed, the interest shall be calculated and levied. from the date of the judgment below until the same is paid, at the same rate that similar judgments bear interest in the courts of the state or territory where such judgment was rendered.

* * * * * * * * * * * *

"3. The same rule shall be applied to decrees for the payment of money in cases in equity, unless otherwise ordered by this court."

It is contended by the district attorney that this rule as interpreted by the courts is only for the direction of the appellate court itself and not for the trial court, and that the mandate of the appellate court must be followed explicitly by the trial court without change or enlargement in any form.

The Court of Appeals of the Sixth Circuit, in construing a rule of the Supreme Court with similar provisions, seems to sustain the contention of counsel for defendant. In the case of Green v. Chicago, S. & C. R. Co., 49 Fed. 907, 1 C. C. A. 478, the language used with relation to such rule is as follows:

"The rule has reference alone to the action of the Supreme Court on the subject of interest upon the affirmance of judgments and decrees of inferior courts. It was intended to prescribe the general rule and regulation of its own practice in the matter of interest. It is not to be enforced by inferior courts to which mandates of the Supreme Court are sent, to execute and carry into effect judgments or decrees on which that court has not awarded or directed the allowance or payment of interest. Whether interest shall be allowed on the affirmance of a judgment or decree of the lower court from the date of its rendition is a question for the consideration solely of the Supreme Court, especially where interest is not awarded as a part of such judgment or decree by the inferior court."

The Circuit Court of Appeals of the Ninth Circuit has a similar rule, which is also rule 30 of that court, and in Hagerman v. Moran, 75 Fed. 97, 21 C. C. A. 242, it is construed in identically the same manner in the following language:

"Rule 30 is a rule for the guidance of this court only. It is not a rule of the circuit or district courts. The method by which the successful litigant in a case in this court may acquire the interest which is contemplated by the rule is only through the mandate of this court directing its allowance in the court below."

In the case of In re Washington and Georgetown R. R. Co., 140 U. S. 91, 11 Sup. Ct. 673, 35 L. Ed. 339, the Supreme Court has laid down the general proposition without any discussion of a rule of the court, that where a mandate of that court does not provide for interest that the lower court had no power to allow it.

I therefore come to the conclusion that this is an insuperable obstacle to the plaintiff in the prosecution of his claim. The relief sought by the plaintiff might have been secured at the time by application for a rehearing in the Circuit Court of Appeals with the purpose of securing a modification of the mandate to include interest.

The demurrer will therefore be sustained, reserving to plaintiff his proper exceptions in the premises.