**BLAIR et al. v. DURHAM.**

No. 9281.

Circuit Court of Appeals, Sixth Circuit.

Dec. 17, 1943.

For former opinion, see 134 F.2d 729.

Keeble & Keeble, of Nashville, Tenn., for appellants.

Walker & Hooker, of Nashville, Tenn., and David P. Murray, of Jackson, Tenn., for appellee.

Before HICKS, SIMONS, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

January 31, 1943, pursuant to the verdict of a jury, appellee was awarded a judgment against appellants in the sum of $6,500.00 and costs. The judgment was silent on the question of interest.

April 9, 1943, this court affirmed the judgment (134 F.2d 729), and our mandate issued on June 11, 1943. The mandate also was silent on the question of interest. September 23, 1943, the attorney for appellants requested the clerk of this court to submit to the court the question of whether the court's mandate was to be construed as prohibiting the collection of interest on the judgment. The clerk referred the letter to the court which treated it as a motion of appellee to recall the mandate of affirmance and enlarge it by providing for interest. October 20, 1943, the court entered an order which provided in substance that under Court Rule 27, the judgment in question bore interest from its date until payment, calculated at the same rate as similar judgments in the courts of Tennessee, and that the allowance of such interest was implied in the court's mandate.

Appellants' petition for rehearing is directed to the above order. They make two contentions: (1) That where the mandate of this court affirms a judgment for plaintiff which judgment is silent on the question of interest and the mandate likewise is silent, the district court has no power to allow interest on the judgment from the date of its entry under Court Rule 27, or under 28 U.S.C.A. § 811, R.S. § 966; (2) That this court lacked jurisdiction to enter the order of October 20, 1943.

Section 811 makes it mandatory that interest shall be allowed on judgments in civil causes recovered in a district court collectible as a part of the judgment by execution conformable to the law of the state in which the court rendering the judgment is held. The rate of interest shall be the same as the state rate on judgments and shall be calculated from the date of the judgment until payment. Section 1 of our Rule 27 is of similar import as Section 811 and for simplicity in its application provides "In all cases to which this rule applies the mandate shall be taken to direct the allowance of such interest."

Under the laws of Tennessee, interest shall be computed on every judgment from the day on which it was entered of record (Williams' Tenn. Code, Section 7308, 1934 Ed.), and upon affirmance in the appellate court, judgment will be rendered for the amount of judgment below with interest thereon from the date of the original judgment (Williams' Tenn. Code, Sec. 9005).

■■ Interest upon a judgment secured by positive law is as much a part of the judgment as if expressed in it. Amis v. Smith, 41 U.S. 301, 311, 16 Pet. 303, 10 L. Ed. 973; National S. S. Co. v. Tugman, 2 Cir., 82 F. 246. The principle is well established that on a mandate from an appellate court containing a directive to the lower court to enter a specific judgment, the latter court has no authority to do anything but execute the mandate. In re Washington & G. R. Co., 140 U.S. 91, 96, 11 S. Ct. 673, 35 L.Ed. 339. It is also well established that existing statutes affecting judgments and mandates at the time of entry or issuance become a part of them and must be read into such judgments and mandates as if an express provision to that effect were inserted therein. There is ordinarily no occasion for mentioning statutory interest in a judgment since such interest follows as a legal incident from the statute providing for it. Massachusetts Ben-

efit Association v. Miles, 137 U.S. 689, 692, 11 S.Ct. 234, 34 L.Ed. 834. Appellants rely on the rule which has often been declared that interest is not allowed upon judgments affirmed by the Supreme Court or the Circuit Court of Appeals unless so ordered in the judgment of affirmance. All cases establishing the rule are founded upon the provisions of 28 U.S.C.A. § 878, R.S. § 1010, wherein the Supreme and Circuit Courts of Appeals are authorized in case of affirmance of a judgment or decree to award appellee just damages for his delay. Accordingly, "if upon the affirmance no allowance of interest or damages is made, it is equivalent to a denial of any interest or damages." In re Washington & G. R. Co., [140 U.S. 91, 11 S.Ct. 674, 35 L.Ed. 339] supra. Similar cases are: Boyce's Ex'rs v. Grundy, 34 U.S. 275, 9 Pet. 275, 9 L.Ed. 127; De Witt v. United States, D. C.Colo., 298 F. 182; Green v. Chicago, S. & C. R. Co., 6 Cir., 49 F. 907; Hagerman v. Moran, 9 Cir., 75 F. 97.

■■ The reviewing courts under Section 878 have a discretion as to whether or not any damages or interest as a part thereof are to be allowed in cases of affirmance under the theory that interest for the time an appeal is pending is damages for delay. Schell v. Cochran, 107 U.S. 625, 2 S. Ct. 827, 27 L.Ed. 543. This rule applies without reference to state laws. Section 811, 28 U.S.C.A., had the purpose of bringing about uniformity between the tribunals of the United States and of the states upon the subject of interest. Washington & G. R. Co. v. Harmon, 148 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284. Being a matter of purely statutory regulation, the courts are bound to give or withhold interest as the statute directs. United States v. Verdier, 164 U. S. 213, 17 S.Ct. 42, 41 L.Ed. 407.

■ The court, in the present case, had no discretion in the matter of withholding or awarding interest. Therefore, the fact that the judgment of the trial court and the mandate of this court made no specific award of interest, is immaterial. The allowance of the legal rate of interest under the laws of the State of Tennessee and for the period provided under 28 U.S.C.A. § 811, was mandatory.

■ Appellants insist that the order of which they complain was made and entered after the term at which the mandate was issued had expired and therefore the court was without jurisdiction. This contention

must be denied. The power of the court to amend its records so as to make them speak the truth is not lost by the lapse of time where the errors or omissions in the court's records do not arise from judicial acts of the court and the corrections are necessary to truly show the court's past proceedings. In re Wight, 134 U.S. 136, 144, 10 S.Ct. 487, 33 L.Ed. 865; Insurance Company v. Boon, 95 U.S. 117, 127, 24 L. Ed. 395.

Petition for rehearing denied.