**UNITED STATES, for Use and Benefit of LICHTER et al. v. HENKE CONST. CO. et al.**

**No. 74.**

District Court, W. D. Missouri, S. D.
Oct. 19, 1946.

4

Mann and Mann, of Springfield, Mo., for plaintiffs.

Chas. E. Cessna, of Chicago, Ill., and Farrington & Curtis, of Springfield, Mo., for defendants.

REEVES, District Judge.

The question for decision in this case is whether the plaintiffs are entitled to interest on a judgment recovered by them in this court, 67 F.Supp. 123, and which judgment upon their appeal was affirmed by the Circuit Court of Appeals, 8 Cir., 157 F.2d 13.

Neither the judgment of this court nor the mandate of the Court of Appeals referred to the subject of interest. The plaintiffs recovered their judgment on January 9, 1945, in the total sum of $24,960.54. This amount was deemed inadequate by them and they prosecuted an appeal. When the mandate of the appellate court came down, the defendants promptly paid into court the amount of the judgment without interest, whereupon the plaintiffs procured the issuance of an execution to collect interest in the sum of $2,620.

It is the contention of the plaintiffs that they were satisfied with some items set forth in the complaint and as specified in a bill of particulars, and that, as no issue was made on such items, the plaintiffs were entitled to interest notwithstanding the appeal. Many questions obtrude themselves, in view of the several contentions made by the parties, and these should be briefly discussed.

■ 1. The complaint filed by the plaintiffs was on one count. It was based upon the contract admittedly executed between the parties, and the plaintiffs sought damages solely upon alleged breaches of that contract. It is a familiar rule of pleading that it is not necessary to employ two or more counts or paragraphs in order to plead a single cause of action even though the suit involves two or more matters, such as several items including two or more grounds of liability or two or more acts or factors contributing to a single injury or result. 49 C. J. Section 173, p. 157.

■ The complaint did not specify separate items until the plaintiffs were required to file a bill of particulars. Whether the bill of particulars was a part of the pleadings or not, it served the purpose of elucidating the claims made and to individualize the various items the plaintiffs sought to prove. This did not have the effect to increase the causes of action or to warrant a multiplicity of counts.

■ The judgment in the case necessarily responded to the issues and should be construed as disposing of all the issues and controversies raised in the single cause of action. 34 C.J., Section 801, p. 505.

Upon appeal by the plaintiffs this single judgment was not vacated, but suspended (4 C.J.S., Appeal and Error, § 611, p. 1096) and this suspension of the judgment would apply to the whole cause and not specially to the several items thereof. It has even been the appellate practice that, where there were several counts in a case, the affirmance of one or more counts would hold a case in suspense until the counts reversed had been finally adjudicated.

■ For a stronger reason, it would not be within the power of a party to split up the items of a single cause of action and a single count on appeal. It must be ruled, therefore, that the appeal by the plaintiffs carried the whole case to the Court of Appeals and suspended the judgment as to all items incorporated in the judgment.

2. There are decided cases involving the right of a judgment creditor to the accretion of interest where he has appealed because of asserted inadequacy of the judgment. The identical question was presented to the St. Louis Court of Appeals in State ex rel. Southern Real Estate & Financial Co. v. St. Louis, 234 Mo.App. 209, loc.cit. 212, 213, 115 S.W.2d 513, 515. After affirming the right of a judgment creditor usually to interest upon his judgment, the court said:

"But where it is the judgment creditor himself who is dissatisfied, and he appeals upon the ground of what he conceives to be the inadequacy of the judgment which was rendered in his favor, *then if the judgment is affirmed he is held not to be entitled to interest on the judgment pending the disposi-*

*tion of the appeal, since it was by his own act that the proceeding was delayed and prolonged until such time as judicial sanction of the correctness of the judgment finally culminated in its affirmance by the appellate court."*

Many cases were cited in support of the above arising in different jurisdictions. It was indicated in the opinion that the question was one of first impression in Missouri. This opinion of the Court of Appeals was followed and approved in Re Thomasson's Estate, 192 S.W.2d 867, 869, loc. cit. 869, 870, where the court said:

"It may be conceded that a judgment creditor, who appeals from a judgment he deems inadequate and which judgment is affirmed on appeal, is not entitled to interest on the judgment pending the appeal."

3. The defendants rely on the case of In re Washington & Georgetown R. Co., 140 U.S. 91, 11 S.Ct. 673, 674, 35 L.Ed. 339. In that case the court held, that failure on the part of the trial court to provide for interest, and failure upon the part of the appellate court to allow interest upon affirmance, precludes the right to recover interest. In the decision, however, the court said among other things:

"We do not consider the question as to whether interest was allowable by law, or rule, or statute, * * *; but we render our decision solely upon the point that, as neither the special term nor the general term allowed interest on the judgment, and as this court awarded no interest in its judgment of affirmance, all that the general term could do, after the mandate of this court went down, was to enter a judgment carrying out the mandate according to its terms * * *."

It should be noted that this case arose in the District of Columbia. It does not appear that the judgment was subject to the mandatory provisions of statutes relating to interest as in this case. By Section 811, Title 28 U.S.C.A., it is made mandatory that:

"Interest shall be allowed on all judgments in civil causes, recovered in a district court, * * * in all cases where, by the law of the State in which such court is held, interest may be levied under process of execution on judgments recovered in the courts of such State; and it shall be calculated from the date of the judgment, at such rate as is allowed by law on judgments recovered in the courts of such State."

Section 3228, R.S.Mo.1939, Mo.R.S.A., in like manner, makes the allowance of interest mandatory, as follows:

"Interest shall be allowed on all money due upon any judgment or order of any court, from the day of rendering the same until satisfaction be made by payment, accord or sale of property; * * *."

Unquestionably, upon the ordinary judgment the law would make the allowance of interest mandatory and apparently it would be the duty of the officer levying the execution to collect interest wholly apart from any recitals in the judgment. Practically all of the courts have taken this view in the light of the statutes cited.

Since the right to interest in this case is dependent upon the construction placed by the courts of Missouri upon the effect and comprehensiveness of Section 3228 R.S.Mo. 1939, supra (and in view of the clear ruling, both by the St. Louis Court of Appeals and by the Supreme Court, that a judgment creditor is not entitled to interest where dissatisfied with the amount of the judgment because deemed inadequate, and who has appealed and lost his appeal) the plaintiffs are debarred by these authorities from the collection of interest. It follows that the motion to quash execution should be sustained, and it is so ordered.